UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAUL ROTHENBERG, EBRAHIM ABOOD AND
TOBBY KOMBO, individually and on behalf of all others
similarly situated,

                                              Plaintiffs,

                -against-

MATTHEW DAUS, DIANE MCGRATH-MCKECHNIE,
JOSEPH ECKSTEIN, ELIZABETH BONINA, THOMAS
COYNE, THE NEW YORK CITY TAXI AND
LIMOUSINE COMMISSION, AND THE CITY OF NEW
YORK,

                                              Defendants..

------------------------------------------------------------------------ x

**DECLARATION**

08 CV 00567 (SHS)

       AMY J. WEINBLATT, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct:

       1.    I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendants the City of New York (the "City"), Matthew Daus, Diane McGrath-McKechnie, Joseph Eckstein, Elizabeth Bonina, Thomas Coyne, and the New York City Taxi and Limousine Commission ("TLC"), and make the following declaration in support of defendants' motion to vacate the default entered by the Clerk, and in opposition to Plaintiffs' motion for entry of a default judgment.

       2.    In response to the complaint, and well before the deadline to answer the complaint, the Defendants filed a letter application to the Court on February 1, 2008, requesting that this action be transferred and consolidated with the related Nnebe case; an enlargement of time to answer or otherwise respond to the complaint herein; and a stay of discovery pending

determination of Defendants' request for transfer and consolidation. A copy of the February 1, 2008 letter is annexed as Exhibit "A."

3. On February 13, 2008, I received a letter from plaintiff's counsel via e-mail requesting that an answer to the complaint be filed and stating that if it were not, he would file a motion for default. A copy of the letter is annexed as Exhibit "B." I responded on February 14, 2008 with a reminder to plaintiff's counsel that defendant had submitted a letter application to the Court that included a request to extend the time to answer or otherwise respond, and thus I believed a default judgment was unwarranted. See E-mail exchange between Amy Weinblatt and Dan Ackman, annexed hereto as Exhibit "C."

4. The letter application referred to above had been timely submitted and included an application to transfer the matter to another judge before whom a case defendants believe is related is pending. Upon information and belief, the letter application for transfer and an extension of time is still pending.

5. In response to my reminder by responsive email and a few others on February 14, 2008, plaintiff's counsel on February 15, 2008 opined that the "stay" defendants requested in their letter application would have ended when the request to transfer was decided. He then asserted that the application for transfer was denied, and that therefore defendants' answer was already "past due." See Exhibit "C." I asked for a copy of any order denying the application for a transfer, and plaintiff's counsel referenced the Court's scheduling order. His response made it clear that he interpreted this order, which contains the statement that the case is assigned to Judge Sidney H. Stein for all purposes, to contain a denial of the motion to transfer the case to another judge. See Exhibit "C."

6. I telephoned Judge Stein's deputy and confirmed my understanding that the conference order was unrelated to the letter application to transfer the case to another judge. I then advised plaintiff's counsel that the conference order does not address the application. <u>See</u> Exhibit "C."

7. Plaintiff's motion for default followed this exchange.

8. Plaintiffs' counsel clearly does not anticipate ending this case with a default judgment, as he continues to pursue a Rule 26f conference. <u>See</u> Exhibit "C."

9. Timely submitting an application to the Court seeking a transfer of the case and requesting additional time to respond to the complaint contradicts the contention inherent in a motion for default that a party has been deliberately inactive or unresponsive or has failed actively to represent its interests.

10. On the contrary, defendants submitted an application to the Court outlining the bases for their belief that the instant case was related to a case pending before the Hon. Richard Sullivan, and timely asking that this matter be transferred to Judge Sullivan in the interests of judicial economy. Defendants included in the letter an application, before the time to answer had expired, to extend their time to answer or otherwise respond to the complaint. Those applications are still pending, and common sense dictates that a default judgment is premature under the circumstances herein. Defendants have acted in good faith and have not delayed the case proceeding.

11. Defendants have a meritorious defense to the allegations set forth in the complaint, which charge constitutional deprivations in the revocations of the three plaintiffs' TLC licenses to drive a taxicab due to drug test failures or criminal convictions. Plaintiff Kombo pled guilty and was convicted of second-degree felony assault upon his estranged wife, which he

attempted to explain by stating that "I'm only a human;" plaintiff Rothenberg did not contest the positive result of his scheduled annual drug test but instead admitted using marijuana; and plaintiff Abood twice provided "cold" urine samples, below 90 degrees Fahrenheit, suggesting that he altered or substituted the specimens.  See Excerpts from the revocation files, annexed as Exhibit "D."  The facts presented at these hearings demonstrate that each of the plaintiffs may pose a threat to the safety of passengers, making the decision to revoke their licenses reasonable and appropriate.

        12.    In addition, counsel for defendants have been responsive to the requests of plaintiff's counsel to schedule a Rule 26(f) conference.  See Exhibit "C."  The dates may not be soon enough to please counsel for plaintiffs, but that is not indicative of any failure of defendants' counsel to respond, nor is it indicative of a dilatory intent or, indeed, effect.

        13.    Wherefore, Defendants request that the cross motion to vacate the default be granted, Plaintiffs' motion for default judgment be denied, and that the Court grant such other relief as the Court deems appropriate.

Dated: New York, New York
       February 28, 2008

                                                                                             AMY J. WEINBLATT (AW 0024)



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

AMY J. WEINBLATT
phone: 212-788-0764
fax: 212-791-9714
email: aweinbla@law.nyc.gov

February 1, 2008

**BY MESSENGER**
Hon. Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   Rothenberg et al. v. Daus, et al., No. 08-CV-00567 (SHS)

Dear Judge Stein:

      On behalf of defendants City of New York ("the City") and the New York City Taxi and Limousine Commission ("TLC"),[1] we respectfully request, pursuant to Local Rule for the Division of Business Among District Judges Rule 15(c), that this action be transferred and consolidated with a related case, Nnebe, et al. v. Daus, et al., 06-CV-4991 (RJS) ("Nnebe"). Both cases were filed by plaintiffs' counsel Daniel L. Ackman.

      We also respectfully request an enlargement of time to answer or otherwise respond to the complaint herein, and a stay of discovery, pending determination of defendants' request for transfer and consolidation. A similar request was made to the Hon. Dora L. Irizarry in the Eastern District of New York in an earlier filed, and substantially identical, action captioned Rothenberg et al. v. Daus, et al., No. 07-CV-4279 (DLI). Plaintiffs withdrew that action pursuant to a Notice of Voluntary Dismissal on the same day that this action was filed, i.e., January 23, 2008.[2] In the prior Rothenberg action, plaintiffs' counsel took the position that

---

[1] As to the individual defendants, current and former officials of the TLC, this office has made a decision to represent them in their official capacity. However, the individual defendants have not had an opportunity to accept our offer of representation for this action yet.

[2] Defendants incurred costs related to first Rothenberg case, and reserve their right to seek costs associated with plaintiffs' voluntary withdrawal of an identical complaint (except for addition of Ebrahim Abood as a plaintiff) in the Eastern District of New York, pursuant to Fed. R. Civ. P. Rule 41(d). Plaintiffs did not withdraw the action until three months after the City filed a pre-motion letter to have the action transferred and consolidated with the Nnebe case, and not until they served document requests.

the Rothenberg case is not related to the Nnebe case, and opposed consolidation. Plaintiffs' counsel's position has not changed, and he also does not consent to defendants' request for more time to respond.

As alleged in the Rothenberg complaint, plaintiffs are three former taxicab licensees of a proposed class whose licenses were revoked either because of failure to pass a drug test or a criminal conviction. Plaintiffs challenge a former policy of the agency to hear and adjudicate revocations in its own administrative tribunals; the current policy makes the application for injunctive relief moot.[3] The two federal claims assert that TLC's administrative tribunals, which adjudicated the hearings of TLC's revocation charges, were biased and violated plaintiffs' due process rights. Plaintiffs' nine other claims assert state law claims.

The Nnebe action now pending before the Hon. Richard J. Sullivan was commenced in Southern District of New York on October 28, 2006. A copy of the Second Amended Complaint in this earlier commenced action is attached. Motions for summary judgment and class certification in that case have been pending since July 26, 2007. The case was reassigned to Judge Sullivan on September 4, 2007. Although two of three revocations challenged in the instant action took place after the filing of the latest complaint in Nnebe, a close reading of the two complaints reveals that the complaint in this latest action repeats allegations almost verbatim, and duplicates the state law claims as well.[4] The amended complaint in Nnebe alleges that the defendants improperly suspended (and revoked) the licenses of taxicab drivers by offering drivers only a "sham" hearing after the suspension. The license suspensions were imposed by the TLC after the filing of serious criminal charges against taxicab licensees. The claims in Nnebe are replicated in the instant matter to address revocation hearings, as opposed to summary suspension hearings. Both actions challenge whether the agency administrative law judges were systematically biased in making their recommendations that drivers were unfit, and whether TLC's actions violated, *inter alia*, plaintiffs' rights under the Due Process Clause, as well as various provisions of the State Constitution, City Charter, Administrative Code and the Rules of the City of New York.

The instant case and the earlier filed Nnebe case overlap both in claims and in facts. Plaintiffs challenge, both in this case and in the Nnebe case, the independence of TLC's

---

[3] The request for injunctive relief requested concerning TLC's policy to adjudicate license revocations in its own administrative tribunals is now moot because of this change in TLC policy and practice. As plaintiffs' counsel is aware, the adjudications of revocations based on criminal convictions and drug test failures were referred to the New York City Office of Administrative Trials and Hearings ("OATH") effective June 29, 2007 and August 31, 2007, respectively. See Reply Declaration of Marc T. Hardekopf, dated July 17, 2007, Dkt. No. 110, Nnebe, et al. v. Daus, et al., 06-CV-4991 (RJS) ("Nnebe").

[4] In fact, similar allegations of TLC tribunal bias were previously asserted by a class of plaintiffs, again represented by the same attorney, as to suspension and revocation hearings held for refusal to provide service to a passenger. See Padberg v. McGrath-McKechnie, 203 F. Supp.2d 261 (E.D.N.Y. 2002), aff'd, 2003 U.S. App. LEXIS 4618 (2d Cir. 2003), cert. denied, 540 U.S. 967 (2003). Many of the same state law claims were rejected in Padberg. Ultimately, the Padberg case settled.

judges simply because they uphold the laws, rules and agency policies of the TLC. Thus, both lawsuits have a common nucleus of operative facts and overlapping claims, and most importantly, privity among the plaintiffs because the same attorney is representing them.[5]

A.     **Relatedness of the <u>Rothenberg</u> and <u>Nnebe</u> Cases**

Rule 1. 6 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York states in part:

> It shall be the continuing duty of each attorney appearing in any civil or criminal case to bring promptly to the attention of the clerk all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same judge, in order to avoid unnecessary duplication of judicial effort…

As such, a transfer of this action to the Honorable Richard J. Sullivan would avoid unnecessary duplication of many issues that are bound to arise such as discovery, which is certainly going to overlap since both of the cases stem from the central claim concerning the alleged bias of the TLC tribunals. "It is well settled that even one substantial common question of law or fact is enough for commonality under Rule 42(a)." <u>BD v. DeBuono</u>, 193 F.R.D. 117, 141 (S.D.N.Y. Feb. 28, 2000) (citing 9 Wright & Miller, Federal Practice and Procedure § 2384, at 451 (2d ed. 1994)). Indeed, some of the witnesses in the <u>Nnebe</u> case have already provided testimony relevant to the claims asserted in the <u>Rothenberg</u> complaint. It is clear that both cases involve the same underlying discovery.

Rule 15 of the Southern District Rules for the Division of Business among District Judges sets forth criteria to be considered in a determination of relatedness of cases:

> …a civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. Without intending to limit the criteria considered by the judges of this Court in

---

[5] The fact that the plaintiffs in both actions are represented by the same attorney is of "singular significance." <u>Ruiz v. Commissioner</u>, 858F.2d 898, 903 (2d Cir. 1988) (quoting <u>Watts v. Swiss Bank Corp.</u>, 27 N.Y.2d 270, 278 (1970).

determining relatedness, a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant.

Local Rule 50.3 (Eastern District of New York) provides a similar definition of relatedness.

A transfer of the Rothenberg matter to Judge Richard J. Sullivan would allow a single Judge to manage the two related cases and would allow for the possible consolidation for pre-trial discovery, providing enhanced efficiency for both parties as well as for increased judical efficiency. Furthermore, some of the defendants named in both matters overlap, and as such a transfer of all maters before the same judge will minimize the burden imposed on these officials and the unnecessary duplication of the parties' and Court's efforts. It should also be noted that plaintiffs in both Rothenberg and Nnebe cases are represented by the same attorney, Mr. Daniel L. Ackman, Esq., and thus transfer and possible pre-trial consolidation would be advantageous to both sides. Defendant further submits that plaintiffs will not be prejudiced by this transfer.

As such, we respectfully request that these cases be transferred and/or reassigned to the Honorable Richard J. Sullivan for the purpose of judicial economy and to avoid inconsistent rulings.

**B.    Stay of Proceedings**

In the event that the instant matter is not transferred, defendants request a stay of proceedings in favor of the earlier filed, and fully briefed, Nnebe litigation. A stay of proceedings is appropriate because of the identity of parties and issues involved; the likelihood that an alternative forum will render a prompt disposition; the fact that the action in the alternative forum was filed first, and most importantly, the interests in judicial efficiency promoted by a stay. See Fleet Capital Corp. v. Mullins, 2004 U.S. Dist. LEXIS 4425 (S.D.N.Y. March 18, 2004) (first-filed rule applied to stay action in favor of two-year-old related action); Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp.2d 436, 441 (S.D.N.Y. 2001) (noting that parties need not be identical to stay action under first-filed rule).

For the reasons stated herein, defendants respectfully request this be deemed related to the Nnebe action, and transferred to the Hon. Richard J. Sullivan for consolidation. Additionally, defendants request that their time to answer or otherwise respond to the complaint be extended to a date 30 days after the issuance of a decision on this request. This will allow, *inter alia*, sufficient time for investigation of claims and determinations as to whether this office will represent the individual defendants.

Respectfully submitted,

Amy J. Weinblatt (AW 0024)
Assistant Corporation Counsel

cc: Dan Ackman (w/out encl.)

# DANIEL L. ACKMAN
### ATTORNEY AT LAW

12 DESBROSSES STREET
NEW YORK, NY 10013

TEL: (917) 282-8178
FAX: (917) 591-8300

E-MAIL: D.ACKMAN@COMCAST.NET

February 13, 2008

**BY FAX & E-MAIL**
Amy J. Weinblatt, Esq.
NYC Corp. Counsel
100 Church Street
New York, NY 10007

Re: Rothenberg et al v Daus et al, 08-civ-567 (SHS)

Dear Ms. Weinblatt:

As you know, defendants' answer was due yesterday in the above-captioned matter and none was served or filed. Unless we receive your answer by the end of the week, we will seek a default judgment.

                                                        Yours truly,

                                                        Dan Ackman

### Weinblatt, Amy

**From:** Weinblatt, Amy
**Sent:** Friday, February 15, 2008 10:49 AM
**To:** 'Dan Ackman'
**Subject:** RE: Rothenberg v. Daus

The conference order does not address our letter application.
I could do the 26f conference on March 19, March 20 (morning only), April 1, or April 2. I prefer phone.

**From:** Dan Ackman [mailto:d.ackman@comcast.net]
**Sent:** Friday, February 15, 2008 10:01 AM
**To:** Weinblatt, Amy
**Subject:** RE: Rothenberg v. Daus

The order says the case is assigned to SHS "for all purposes."

In any event, my original position stands and if we don't get an answer we will be forced to seek a default judgment.

Also, please advise me on your availablity next week (on phone or in person -- you choose) for a Rule 26 conference.

Dan Ackman
tel: 917-282-8178
web: http://dackman.homestead.com

**From:** Weinblatt, Amy [mailto:aweinbla@law.nyc.gov]
**Sent:** Friday, February 15, 2008 9:45 AM
**To:** Dan Ackman
**Subject:** RE: Rothenberg v. Daus

I received the order scheduling the pretrial conference via ECF, but I have not received an order denying our motion to transfer. If you have a copy, please forward.
Thanks.

**From:** Dan Ackman [mailto:d.ackman@comcast.net]
**Sent:** Friday, February 15, 2008 9:19 AM
**To:** Weinblatt, Amy
**Subject:** RE: Rothenberg v. Daus

Amy,

Following our e-mails of yesterday, I reviewed your application. The stay you requested would have run (had it been granted) only until your transfer motion was decided. That motion has been denied. Thus there is no stay and we expect an answer, which is already past due.

Secondly, I would like to have a Rule 26(f) conference as soon as possible. Please let me know when

you are available next week.

**Dan Ackman**
Attorney at Law
tel: 917-282-8178

---

**From:** Weinblatt, Amy [mailto:aweinbla@law.nyc.gov]
**Sent:** Thursday, February 14, 2008 4:46 PM
**To:** Dan Ackman
**Subject:** RE: Rothenberg v. Daus

You are correct. As far as I am aware, the application has not yet been ruled on.

---

**From:** Dan Ackman [mailto:d.ackman@comcast.net]
**Sent:** Thursday, February 14, 2008 4:30 PM
**To:** Weinblatt, Amy
**Subject:** RE: Rothenberg v. Daus

Amy,

As far as I know that application has not been granted. If I am wrong, please advise.

Dan Ackman
tel: 917-282-8178

---

**From:** Weinblatt, Amy [mailto:aweinbla@law.nyc.gov]
**Sent:** Thursday, February 14, 2008 4:21 PM
**To:** Dan Ackman
**Subject:** RE: Rothenberg v. Daus

Dan--
As you are aware, we have submitted a letter application to the Court to extend our time to answer or otherwise respond to the complaint. As such, we believe a default judgment is not warranted under the circumstances.
--Amy

---

**From:** Dan Ackman [mailto:d.ackman@comcast.net]
**Sent:** Wednesday, February 13, 2008 11:33 AM
**To:** Weinblatt, Amy
**Subject:** RE: Rothenberg v. Daus

here it is. sorry.

Dan Ackman
tel: 917-282-8178
web: http://dackman.homestead.com

---

2/27/2008

**From:** Weinblatt, Amy [mailto:aweinbla@law.nyc.gov]
**Sent:** Wednesday, February 13, 2008 11:25 AM
**To:** Dan Ackman
**Subject:** RE: Rothenberg v. Daus

Nothing was attached. Please re-send. Thank you.

---

**From:** Dan Ackman [mailto:d.ackman@comcast.net]
**Sent:** Wednesday, February 13, 2008 10:11 AM
**To:** Weinblatt, Amy
**Cc:** 12127919714@efaxsend.com
**Subject:** Rothenberg v. Daus

pls see attached

 **NEW YORK CITY TAXI & LIMOUSINE COMMISSION**

40 Rector Street
New York, New York 10006

Matthew W. Daus, Commissioner/Chair

July 25, 2007

Mr. Saul Rothenberg
134-47 166 Place, 11B
Jamaica, NY 11434

    Re:    **TLC License No. 408258**

Dear Mr. Rothenberg:

    A hearing was held on May 24, 2007, to determine your fitness to retain your Taxi and Limousine Commission ("TLC") license in view of testing positive for use of an illegal substance. The presiding Administrative Law Judge ("ALJ") found that you no longer meet the fitness requirement to maintain a TLC license and recommended that your Medallion Operator license be revoked.

    I have reviewed the response submitted by your attorney, Michael Spevack, Esq., dated July 16, 2007. I find the arguments to be unpersuasive. The Commission accepts the Doctor's Review Service determination that you tested positive, and rejects your proffered defense that although you smoked marijuana at a party your TLC license should not be revoked. In light of your positive test result for the presence of marijuana, I am compelled to accept the ALJ's recommendation.

    Therefore, upon careful review of the record before me I accept the ALJ's recommendation and hereby **revoke** your TLC license.

                                         Very truly yours,

                                           Matthew W. Daus
                                           *Commissioner/Chair*

c:    Gary Weiss, *Deputy Commissioner for Licensing*
      Michale Spevack, Esq., *Attorney for Respondent*

```
NEW YORK CITY TAXI AND LIMOUSINE COMMISSION

---------------------------X

IN THE MATTER OF:
                                    Docket No.:



     SAUL ROTHENBERG,

            Respondent.

---------------------------X

                    May 24, 2007

HELD AT:       40 Rector Street 5th Floor
               New York, NY 10006


BEFORE:        HONORABLE
               Judge Dan Curry

APPEARANCES:   MICHAEL SPEVACK
               Attorney for the Respondent


TRANSCRIBER:   AMBER CHRISTOFFERSON
```

```
 1                    PROCEEDINGS                    12

 2           sworn, testified as follows:

 3   DIRECT EXAMINATION

 4   BY ADMINISTRATIVE LAW JUDGE

 5       Q.   Uh, all right, Mr. Rothenberg, can you, uh,

 6   please tell me, uh, what happened?  What led to the

 7   failure of the drug test?

 8       A.   A few days before the weekend before, I went

 9   to a party.  There was old acquaintances there.  I

10   went and never smoked before.  There was—I smoked it

11   once or twice with them.  I had one or two puffs with

12   them and [unintelligible].

13       Q.   All right. Uh, of, how close is that, uh,

14   party between your drug test?  When did you—how

15   recently?

16       A.   It was that weekend and the test was a few

17   days later [unintelligible].

18       Q.   And this is the only time you've used

19   marijuana?

20       A.   It's the only time [unintelligible].

21       Q.   Uh, and the drug test that you went—that you

22   just took and failed on March—was on March $2^{nd}$.  Do you

23   think, uh, you had scheduled that drug test?  You knew

24   it was coming up or was it something that, that

25   [unintelligible].
```



**NEW YORK CITY
TAXI & LIMOUSINE
COMMISSION**

40 Rector Street
New York, New York 10006

Matthew W. Daus, Commissioner/Chair

June 20, 2007

Mr. Tobby Kombo
37-43 88 Street, Apt.2f
Jackson Hts, NY 11372

    Re:    TLC License No. 310846

Dear Mr. Kombo:

    A fitness hearing was held on May 4, 2007. After hearing the evidence presented, the presiding Administrative Law Judge ("ALJ") recommended that your license be revoked. I have, moreover, reviewed the letter you submitted in response to the ALJ's recommendation, dated May 15, 2007. I find your arguments to be unpersuasive.

    On March 29, 2007, you were convicted of Assault in the Second Degree, a class "D" felony. You were sentenced to time served and five (5) years of probation. Inasmuch as you have been convicted of Assault in the Second Degree, I agree with the ALJ's determination that your continued licensure would pose a threat to the health and safety of the public.

    Therefore, upon careful review of the record before me I accept the ALJ's recommendation and hereby **revoke** your TLC license.

                                      Very truly yours,

                                      Matthew W. Daus
                                      *Commissioner/Chair*

c:    Gary Weiss, *Deputy Commissioner for Licensing*

DIAL 311 | Government Services & Information for NYC
www.nyc.gov/taxi

May 15, 2007.

N.Y.C. Taxi and Limousine Commission,
Legal Department,
40 Rector St.-5th Floor,
N.Y.C. 10006.

Dear Mr. Comm. Daus,

In response, first and foremost I would like to say that what I did to my ex-wife Leah was wrong, however this woman had been tormenting since 2003. I brought her here (as spouse) on Oct 24th '02 from Kenya, after about six months we both agreed that she should try to get a job. When it become difficult for her to find one, I decided to put her to college (Lga) to add a little more education to stand a better chance. In about March '05 she found a job, but thereafter her harassment intensified, including breaking of households, verbal abuse and even having affairs. My first arrest (Feb 4th '06), I called the Police because she was breaking things. She should have been arrested, but instead, I was. After the judge confirmed from the 911 tapes that I was the one who called the Police, I was exonerated, however she was granted the "Order of Protection" and I was thrown out of my apartment (for 32 years). Angrily asking why she was doing all that to me, she confessed that she married me only for the sake of "Green Card." Immediately after that, we agreed to divorce, so we filed for it and it went through in April '06. She found her own place and wrote to court (copy included) to allow me back in so that she could move out. On March 30 '06 she moved out. About three days before July16 '06 she called me to say that she was coming to pick her mails etc., I said okay but she must come with a Policeman. When she come without one, somehow she managed to convince me to let her in, that it was too hot, the Police Station was too far to walk to with that heat, and she wont cause any trouble anyway. She ended staying for few hours, and I even fed her. After she ate, I asked her what time was she leaving because I had to go out. She screamed at me, saying that she will leave on her own time and not mine, otherwise she will break everything and if I wanted I can call the Police (she set me up, knowing that I wouldn't call the Police, they would arrest me because I had already allowed her in without their presence). A minute later she started breaking things in the kitchen, in living room, then she was coming toward me with a stick/club. In defense, I lost my mind and in a split decision, I picked up an iron bar which was in front of me and hit her once. With her scream, she exited through the window to fire escape, instead of the door (so that she could draw the crowd). Neighbors called the Police. The way I reacted to Police thereafter was not proper but please Sir, I'm "only a human" who snapped after all the above.

Sir, I have been in this industry since summer 1976, working at the same garage, living at the same address, having the same phone #, and most of all, never been arrested before I met that woman. Since I become a cab driver, I have been; spat at, kicked, punched and called all kind of names by either passengers or passerby, but I never responded. I am not a threat to passengers or anyone, therefore, I kindly ask you to give me a second chance. After all, I'm only a human, and human are known not to be perfect.

Patiently, awaiting for your response.

Faithfully yours,

Tobby Kombo.

```
         SUPREME COURT OF THE STATE OF NEW YORK      FEE: $10.00
                         QUEENS COUNTY
                      125-01 QUEENS BOULEVARD
                      KEW GARDENS, NY 11415


                  CERTIFICATE OF DISPOSITION INDICTMENT

DATE: 04/23/2007                    CERTIFICATE OF DISPOSITION NUMBER: 12138

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:              02705-2006
              VS.                   LOWER COURT NUMBER(S):    2006QN037750
                                    DATE OF ARREST:           07/16/2006
                                    ARREST #:                 Q06639237
KOMBO, TOBBY C                      DATE OF BIRTH:            10/29/1945
                                    DATE FILED:               10/25/2006

              DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 02/13/2007 THE ABOVE NAMED DEFENDANT WAS
CONVICTED OF THE CRIME(S) BELOW BEFORE JUSTICE  ERLBAUM,W THEN A
JUSTICE OF THIS COURT.

ASSAULT 2nd DEGREE PL  120.05 02 DF

THAT ON 03/29/2007, UPON THE AFORESAID CONVICTION BY PLEA  THE HONORABLE
ERLBAUM,W  THEN A JUDGE OF THIS COURT, SENTENCED THE DEFENDANT
TO

ASSAULT 2nd DEGREE PL  120.05 02 DF
IMPRISONMENT =   TIME SERVED
ORDER OF PROTECTION = 5 YEAR(S)
PROBATION = 5 YEAR(S)


CVAF = $20  (ADJOURNED)
DNA  = $50  (ADJOURNED)
SURCHARGE = $250 (ADJOURNED)


THE CASE IS PENDING PAYMENT ON 05/30/2007


IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 04/23/2007.

                                         Gloria D'Amico
                                    _____
                                         COURT CLERK
```

HACK: 310846 / TEL: 718-424-7461 / kombo29@msn.co

# NEW YORK CITY
# TAXI & LIMOUSINE COMMISSION

40 Rector Street, 5th Floor
New York, New York 10006

Matthew W. Daus, Commissioner/Chair

June 22, 2006

Mr. Ebrahim Abood
531 East 5th Street, Apt. 1-B
New York, NY 10009

    Re:   TLC License No. 5177442

Dear Mr. Abood:

    A hearing was held on May 11, 2006, to determine your fitness to retain your Taxi and Limousine Commission ("TLC") license in view of your submission of a cold urine sample. The presiding Administrative Law Judge ("ALJ") found that you no longer meet the fitness requirement to maintain a TLC license and recommended that your license be revoked.

    On May 19, 2006, you were mailed a copy of the ALJ's decision and a letter advising you of the right to submit a written response within ten (10) days to the Chairperson. I have reviewed the letter submitted on your behalf by your attorney, Isaac Godinger, Esq., and dated May 30, 2006. I find the arguments to be unpersuasive. On April 6, 2006, you provided a "cold" urine sample, which was below 90 degrees Fahrenheit. In light of your submission of a "cold" urine sample, which is recognized by the laboratory and medical review officers as a drug test failure, I am compelled to accept the ALJ's recommendation.

    Wherefore, I have reviewed and accepted the recommendation of the ALJ. Accordingly, your TLC license is **revoked**.

Very truly yours,

*[signature]*

Matthew W. Daus
*Commissioner/Chair*

cc:    Desiree Blackwood, *Assistant Commissioner of Licensing*
       Isaac Godinger, Esq., *Attorney for Respondent*

DIAL 311 | Government Services & Information for NYC

www.nyc.gov/taxi

**CHAIN OF CUSTODY FORM**

OTS-RTP 1100
1984 ALEXANDER DRIVE.    Customer Service: (800)833-3984
RTP NC 27709
1100 XNET
SPECIMEN ID NO. 0178681714                   LAB ACCESSION NO.



**STEP 1: TO BE COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**

A. Employer Name, Address and I.D. No.
NYC TAXI & LIMO (RENEWALS)
C/O LABCORP
90 FIRST AVE
RARITAN           NJ   08869
(908)526-2400
FAX:
Location:

B. MRO Name, Address, Phone and Fax No.
DOCTORS REVIEW SERVICES        31712450
ATTN: DR. NEIL J. DASH
346 FRANKLIN AVE
MASSAPEQUA                NY  11758
(800)526-9341                FAX: (800)547-2966

C. Collector Name/Address:
LAB CORP 94381 X23181 708008
22 WEST 23RD ST
NEW YORK, NY 10010

Collector Phone No.  (212)299-5519
Collector Fax No.    (646)638-0183

**STEP 2: TO BE COMPLETED BY COLLECTOR**
Read specimen temperature within 4 minutes. Is temperature between 90° and 100°F?  □Yes  □No, Enter Remark Below   Split Specimen Collection □Yes □No
REMARKS: URINE SAMPLE 2 OF 2 COLD

**STEP 3: TO BE COMPLETED BY COLLECTOR AND DONOR** - Collector affixes bottle seal(s) to bottle(s). Collector dates seal(s). Donor initials seal(s).

EMP. I.D.: 5177442
Donor's Name(First, Last): EBRAHIM ABOUD
Daytime Phone No. (646)346-9473
Donor I.D. Verified By: Photo I.D.

Reason for Test: Periodic
Evening Phone No. ()-                  Sex: M
Date of Birth: 02/02/1961

[ ] 708300   [ ] 708008   [ ] 078466

## — COLD SPECIMEN —

**TO BE COMPLETED BY DONOR**

I authorize the collection of this specimen for the purpose of a drug screen. I acknowledge that the specimen container(s) was/were sealed with tamper-proof seal(s) in my presence; and that the information provided on this form and on the label(s) affixed to the specimen container(s) is correct. I authorize the laboratory to release the results of the test to the company identified on this form or its designated agents.

EBRAHIM ABOUD    [signature]     EA, 4-6-2006

**STEP 4: CHAIN OF CUSTODY - INITIATED BY COLLECTOR AND COMPLETED BY LABORATORY**

X Dennis Ramnaugh            3:13 PM
DENNIS RAMNAUGH              4-6-2006

SPECIMEN BOTTLE(S) RELEASED TO:
LCA  Currie

RECEIVED AT LABCORP. SIGN:
X [signature]                APR 07 2006

Primary Specimen Bottle Seal Intact
□ Yes
□ No, Enter Remark Below

SPECIMEN BOTTLE(S) RELEASED TO:

0178681714

COPY 1 - LABORATORY