UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAUL ROTHENBERG, EBRAHIM ABOOD, AND
TOBBY KOMBO, individually and on behalf of all others
similarly situated,

             Plaintiffs,

       -against-

MATTHEW DAUS, DIANE MCGRATH-MCKECHNIE,
JOSEPH ECKSTEIN, ELIZABETH BONINA, THOMAS
COYNE, THE NEW YORK CITY TAXI AND
LIMOUSINE COMMISSION, AND THE CITY OF NEW
YORK,

             Defendants.

No. 08 CV 00567 (SHS)

------------------------------------------------------------------------ X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND IN SUPPORT OF ITS CROSS-MOTION TO SET ASIDE DEFAULT

### Preliminary Statement

     Defendants the City of New York (the "City"), Matthew Daus, Diane McGrath-McKechnie, Joseph Eckstein, Elizabeth Bonina, Thomas Coyne, and the New York City Taxi and Limousine Commission ("TLC") respectfully submit this Memorandum of Law in opposition to Plaintiffs' motion for a default judgment, and in support of their cross-motion to set aside the entry of default by the Clerk of the Court, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

     Plaintiffs are three former taxicab drivers of a proposed class of taxicab drivers whose licenses were revoked either because of a criminal conviction or failure to pass an annual scheduled drug test. TLC revoked each of Plaintiffs' licenses in furtherance of its compelling

interest to protect the taxi-riding public. Plaintiffs challenge a former policy of the agency to hear and adjudicate revocations in TLC's administrative tribunals.[1] The two federal claims in this action assert that the TLC's administrative tribunals were biased and a sham and violated Plaintiffs' due process rights. The other nine claims are state law claims.

The instant complaint was filed in the Southern District of New York on January 23, 2008. Plaintiffs are represented by Daniel L. Ackman. Over the past seven years, Mr. Ackman has filed a number of lawsuits challenging the TLC's adjudication policies,[2] including Nnebe, et al. v. Daus, et al., 06-cv-4991 (RJS) ("Nnebe"), commenced in the Southern District of New York on October 28, 2006. The amended complaint in Nnebe alleges similar constitutional challenges to those in the instant action, although in Nnebe the drivers' licenses were suspended because of an arrest. Prior to filing the instant complaint, Mr. Ackman commenced a substantially identical action in the Eastern District of New York action on October 12, 2007, captioned Rothenberg et al. v. Daus, et al., No. 07-CV-4279 (DLI), and withdrew that action pursuant to a Notice of Voluntary Dismissal on the same day that this action was filed, i.e., January 23, 2008.

---

[1] The adjudications of revocations based on criminal convictions and drug test failures were referred to the New York City Office of Administrative Trials and Hearings ("OATH") effective June 29, 2007 and August 31, 2007, respectively. See Reply Declaration of Marc T. Hardekopf, dated July 17, 2007, Dkt. No. 110, Nnebe, et al. v. Daus, et al., 06-CV-4991 (RJS).

[2] In Ackman v. Giuliani, et al., Index No. 101652/00, Mr. Ackman commenced an Article 78 proceeding in Supreme Court, New York County on February 2, 2000 challenging TLC's policy to close hearings to the public. In Padberg, et al v. McGrath-McKechnie, 00-cv-03355-RJD-SMG, filed on June 9, 2000, Mr. Ackman filed an action challenging TLC's policy to summarily suspend licenses of taxicab drivers who refuse to provide service (known as Operation Refusal). In Smith v. McKechnie, 01-cv-01786-RJD-SMG, Mr. Ackman filed another action challenging Operation Refusal on March 22, 2001, while the Padberg case was pending.

In response to the complaint, and well before the deadline to answer the complaint, the Defendants filed a letter application to the Court on February 1, 2008, requesting that this action be transferred and consolidated with the related <u>Nnebe</u> case; an enlargement of time to answer or otherwise respond to the complaint herein; and a stay of discovery pending determination of Defendants' request for transfer and consolidation. <u>See</u> Declaration of Amy Weinblatt, dated February 28, 2008 ("Weinblatt Decl."), ¶ 2.  In addition, Defendants sent a copy of the February 1, 2008 letter with copies of the complaints in the <u>Nnebe</u> and <u>Rothenberg</u> actions to the Hon. Richard J. Sullivan on February 5, 2008, in response to a request from the Court.  Defendants' letter application remains pending.[3]

Though Defendants' February 1, 2008 letter application has not been decided, Plaintiffs' counsel requested and obtained a Clerk's Certification of default on February 20, 2008, and moved for entry of a default judgment on the same day.

As discussed more fully below, and in the accompanying declaration of Amy Weinblatt and the exhibits attached thereto, Plaintiffs' motion for a default judgment should be denied, and Defendants' cross-motion to set aside the Clerk's default should be granted.

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure governs the entry of a default judgment.  It states in pertinent part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

---

[3] Plaintiffs' counsel suggests that the pre-conference order, dated February 13, 2008, denied Defendants' relatedness application by the order's words: "the case was assigned to this court for all purposes." <u>See</u> Declaration of Daniel L. Ackman, dated February 20, 2008, ¶ 5.  However, I advised Mr. Ackman that this order did not contain any such determination, after confirmation of same with chambers.  <u>See</u> Weinblatt Decl., ¶¶ 5,6.

Fed. R. Civ. P. Rule 55(a). While the term "otherwise defend" is not defined, certain preliminary motions may also constitute "otherwise defending" if the motion indicates that the party is actively defending against the claims. See Moore's Federal Practice, 3d Ed., § 55.11[2][b]. Here, well within the time allowed to respond to the complaint, Defendants interposed a relatedness application that sought to transfer and consolidate this action with the related Nnebe action. This action on the part of Defendants indicates an intention to defend this lawsuit. Indeed, subsequent to the entry of the default, and the filing of Plaintiff's motion for a default judgment, the parties have conferred and agreed upon a date for their Rule 26(f) conference. See Weinblatt Decl., ¶ 8, Ex. C. Thus, the default was entered incorrectly, and should be set aside, and Plaintiffs' motion for a default judgment should be denied.

Even if the Clerk's default was entered correctly, the default should be set aside, and Plaintiffs' motion should be denied. An opposition to a motion for default judgment is evaluated under the same standards that apply to a Rule 55(c) motion to set aside an entry of default. See Fed. R. Civ. P. 55(c); Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981); Westvaco Corp. v. Viva Magnetics Ltd., 2002 U.S. Dist. LEXIS 13449, *5 (S.D.N.Y. July 24, 2002) (discussing principles applied when Defendant opposes motion for default judgment). Rule 55(c) allows an entry of default to be set aside for "good cause" by considering: (1) whether the default was willful; (2) whether the plaintiffs would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims. See Meehan, 652 F.2d at 277; Fashion Fragrance & Cosmetics v. Croddick, 2003 U.S. Dist. LEXIS 5641, *3 (S.D.N.Y. Apr. 8, 2003) (applying three factors in denying motion for default judgment).

The determination of whether to grant a motion for default judgment is within the sound discretion of the district court. See Shah v. N.Y. Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); Westvaco Corp., 2002 U.S. Dist. LEXIS 13449 at *2.  However, "it is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001); see also Meehan, 652 F.2d at 277. Default judgments are thus "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96; see also Meehan, 652 F.2d at 277; Westvaco Corp., 2002 U.S. Dist. LEXIS 13449 at *2.

**A.     Any Default was not Willful**

Defendants did not default.  In the alternative, should the Court find that Defendants did default, such default was not willful.  Well before the deadline to answer the complaint, the Defendants filed a letter application to the Court on February 1, 2008, requesting that this action be transferred and consolidated with the related Nnebe case; an enlargement of time to answer or otherwise respond to the complaint herein; and a stay of discovery pending determination of Defendants' request for transfer and consolidation.  See Weinblatt Decl., ¶ 2. Under these circumstances, "district courts regularly exercise their discretion to deny technically valid motions for default." Sony Corp. v. Elm State Electronics, Inc., 800 F.2d 317, 319 (2d Cir. 1986) (citing among other cases, McKnight v. Webster, 499 F. Supp. 420, 424 (E.D. Pa. 1980), where default was set aside because Defendant had timely sought extension of time to file answer); see also Iwachiw v. New York City Bd. of Ed., 2007 U.S. Dist. LEXIS 8040, *6-7 (E.D.N.Y. February 5, 2007) (default set aside where Defendant immediately requested an enlargement of time to answer or otherwise defend).

**B.     No Prejudice to Plaintiffs**

Plaintiffs make no argument that they would be prejudiced if the Court did not enter a default judgment, and indeed, there is no prejudice to the Plaintiffs. Even if Plaintiffs had asserted delay, "delay alone is not a sufficient basis for establishing prejudice." David v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). The delay must "result in loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. Plaintiffs have not asserted such difficulties would burden this litigation if this Court did not enter a default judgment. See Dengel v. Dearden, 2007 U.S. Dist. LEXIS 9540, *11-12 (W.D.N.Y. February 9, 2007).

**C.     Defendants have a Meritorious Defense**

A meritorious defense "should be construed generously." Iwachiw, 2007 U.S. Dist. LEXIS 8040 at *7 (quoting Enron Oil Corp., 10 F.3d at 96.). To satisfy the requirement that a defaulting party demonstrate the existence of a meritorious defense, the defense need not be ultimately persuasive at this stage. American Alliance Ins. Co. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996). "A defendant seeking to vacate a default judgment need not conclusively establish the validity of the asserted defenses, but must merely make a sufficient showing to justify further briefing and consideration by the district judge." Gravatt v. City of New York, 1997 U.S. Dist. LEXIS 10835, *(S.D.N.Y. July 28, 1997). "A defense is meritorious if it is good law so as to give the factfinder some determination to make." American Alliance Ins. Co., 92 F.3d at 61. A defendant must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a serious question as to the validity of those allegations." Salomon v. 1498 Third Realty Corp., 148 F.R.D. 127, 130 (S.D.N.Y. 1993).

Defendants have a meritorious defense to the action. Plaintiffs' federal claims concerning due process fail as a matter of law. Prior to the revocation of their licenses, Plaintiffs were afforded a hearing where they could have legal representation, present evidence, and call witnesses on their behalf. This procedure satisfies due process. See Fung v. Daus, 2007 NY Slip Op 8863; 45 A.D.3d 392 (1st Dep't November 15, 2007); Weinblatt Decl., ¶ 11. Even assuming, *arguendo,* that these hearings were "shams," as Plaintiffs contend, due process is nevertheless not violated because of the availability of other state remedies to the purported deprivation, e.g., New York Article 78 proceedings. See Sindone v. Kelley, 2007 U.S. App. LEXIS 26463 (2d Cir. November 15, 2007); Locurto v. Safir, 264 F.3d 154 (2d Cir. 2001); Nnebe v. Daus, 2006 U.S. Dist. LEXIS 58611 (S.D.N.Y. August 7, 2006). Supplemental jurisdiction should not be exercised over Plaintiffs' kitchen-sink state law claims.

## CONCLUSION

**FOR THE FOREGOING REASONS, PLAINTIFFS' MOTION FOR A DEFAULT JUDGMENT SHOULD BE DENIED, AND DEFENDANTS' CROSS-MOTION TO SET ASIDE CLERK'S DEFAULT SHOULD BE GRANTED.**

Dated:     New York, New York
           February 28, 2008

                                      Respectfully submitted,

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                          City of New York
                                      Attorney for Defendants
                                      100 Church Street, Room 5-176
                                      New York, New York 10007
                                      (212) 788-0764

                   By:          /s/
                                      AMY J. WEINBLATT (AJW 0024)
                                      Assistant Corporation Counsel