UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JONATHAN NNEBE, et al.,

        Plaintiffs,

-v-

MATTHEW DAUS, et al.,

        Defendants.

No. 06 Civ. 4991 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

Defendants City of New York and the New York City Taxi and Limousine Commission ("TLC") (collectively, "defendants") move to consolidate the above-entitled action with another action, *Rothenberg, et al., v. Daus, et al.*, No. 08-0567, currently pending before the Honorable Sidney H. Stein, District Judge.[1] Plaintiffs in the respective actions oppose defendants' request. For the following reasons, defendants' motion to consolidate the actions is DENIED.[2]

The Court finds that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule 15 of the Southern District of New York's Rules for the Division of Business Among District Judges, considerations of justice and efficiency weigh against consolidation of the above-entitled actions. Although Rule 42(a) permits a court to consolidate multiple actions where they involve "common issues of law or fact," Fed. R. Civ. P. 42(a), district courts have "broad discretion" to balance "considerations of judicial economy" when resolving motions for consolidation. *See, e.g., Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 4617

---

[1] The *Nnebe* action was originally assigned to the Honorable Kenneth M. Karas, District Judge, and was reassigned to the undersigned on September 4, 2007.

[2] The Court notes that defendants' request was initially submitted to Judge Stein, and was forwarded to the undersigned for consideration in accord with Local Rule 15.

(RJH), 2006 WL 197036, at *1 (S.D.N.Y. Jan. 25, 2006). Similarly, Rule 15 of the Southern District's Rules for the Division of Business Among District Judges, provides that:

> [A] civil case will be deemed related to one or more other civil cases and will be transferred for consolidation or coordinated pretrial proceedings when the interests of justice and efficiency will be served. In determining relatedness, a judge will consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served.

Having reviewed the complaints filed in these actions, the Court finds that consolidation of these actions would not result in a substantial saving of judicial resources, advance the efficient and economical conduct of the litigations, or serve the convenience of the parties or witnesses.

While both actions implicate some broadly similar questions of law and fact relating to the TLC's administrative procedures, plaintiffs in the respective actions assert claims under 42 U.S.C. § 1983 and state law relating to distinct TLC procedures and arising from distinct sets of facts. The complaint in the *Nnebe* action concerns the allegedly improper procedure used by the TLC to suspend taxicab drivers' licenses in the event of a driver's arrest. Specifically, each of the lead plaintiffs' claims in the *Nnebe* action arises from license suspensions that occurred prior to July 2006, following an allegedly procedurally defective "summary suspension hearing[]" that was conducted by the TLC in response to the arrests of the respective plaintiffs. (*Nnebe* Sec. Am. Compl. ¶ 1.)

By contrast, the complaint in the *Rothenberg* action concerns a separate allegedly improper procedure used by the TLC to revoke driver's licenses based on a failed drug test or a criminal conviction. Specifically, each of the lead plaintiffs' claims in the *Nnebe* action arises from license revocations that occurred after May 2006, subsequent to an allegedly procedurally

defective "fitness hearing[]" that was conducted by the TLC to address the respective plaintiffs' criminal convictions or drug test results. (*Rothenberg* Compl. ¶¶ 1, 54.)

Furthermore, the respective procedural postures of these cases strongly weigh against consolidation the actions. The *Nnebe* action was filed in June 2006, discovery was completed in March 2007, and defendants submitted a motion for summary judgment in May 2007, which is currently pending before the Court.[3] By contrast, the *Rothenberg* action was filed in January 2008 and discovery has not yet commenced.[4] Indeed, two of the three lead plaintiffs' claims in the *Rothenberg* action arise from license revocations that occurred after June 2007, *subsequent* to the close of discovery in the *Nnebe* action and to the filing of defendants' summary judgment motion in that case.

Accordingly, based on the record before the Court, consolidation of the two actions does not appear likely to result in a substantial saving of judicial resources, to further the efficient and economical conduct of the litigations, or to serve the convenience of the parties or witnesses. First, the varied legal and factual issues presented in the two actions are not sufficiently similar so that consolidation would result in any, much less a substantial, saving of judicial resources by leading to consolidated motion practice and/or a consolidated trial on the merits. Specifically, it does not appear upon this Court's initial review of the respective complaints and the filings in the *Nnebe* action that resolution of plaintiffs' claims in one action will necessarily resolve plaintiffs'

---

[3] Plaintiffs filed a motion for class certification on November 21, 2006, which is also currently pending before this Court.

[4] There are currently two outstanding motions in the *Rothenberg* action: plaintiffs' motion for a default judgment as against certain defendants, and defendants' cross-motion to vacate the entry of default.

claims relating to a distinct TLC procedure in the other action. Second, the procedural postures of the two actions indicate that consolidation would not further the efficient progress of these cases by resulting in the joint conduct of discovery. Finally, it is clear that consolidation of the actions would likely disserve the convenience of the parties in the *Nnebe* action. Specifically, due to the relatively advanced procedural posture of the *Nnebe* action, joining the two actions would inevitably stall the progress of the *Nnebe* action due to the need for the Court and the parties to wait for the proceedings in the *Rothenberg* action to "catch up." *See In re Argo Communications Corp.*, No. 91 Civ. 7226 (MJL), 1992 WL 75144, at *3-*4 (S.D.N.Y. March 30, 1992).

Accordingly, defendants' request to consolidate the two actions is denied without prejudice to renewal.[5]

SO ORDERED.

DATED:   New York, New York
         March 3, 2008

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[5] Defendants also request, in the event that the undersigned denies their request for consolidation, that the Court enter a stay in the *Rothenberg* action pending resolution of defendants' motion for summary judgment in the *Nnebe* action. Because defendants' request for consolidation of the *Rothenberg* action is denied, the undersigned declines to resolve defendants' application for a stay of that action.