```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SAUL ROTHENBERG, *ET AL.*,                  :         08 Civ. 567 (SHS)

                Plaintiffs,       :

        -against-                           :         ORDER

MATTHEW DAUS, *ET AL.*,                     :

                Defendants.       :

------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      IT IS HEREBY ORDERED that plaintiffs' motion for a default judgment against all defendants except one, made 28 days after the complaint was filed with this Court, is denied. This action was filed on January 23, 2008. Approximately one week later – on February 1, 2008 – defendants requested that this action be transferred to Judge Richard Sullivan and consolidated with an action then pending before him, Nnebe, *et al.* v. Matthew Daus, *et al.*, 06 Civ. 4991 (RJS). Defendants also sought in that same application to extend their time to answer and to stay discovery. Pursuant to Rule 15 of the Rules for the Division of Business Among District Judges, this Court referred the request for transfer to Judge Sullivan. While that application was pending, plaintiffs moved for a default judgment. In an Order dated March 3, 2008, Judge Sullivan declined to accept this action as related.

      A motion for a default judgment pursuant to Fed. R. Civ. P. 55 is within the discretion of the Court. See Shah v. New York State Department of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999). Such motions are disfavored, since there is a clear preference by the courts

for cases to be determined on their merits. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 174 (2d Cir. 2001).

Here, a month had not even gone by from the commencement of the litigation before plaintiff moved for a default judgment, despite the fact that defendants had a pending application to transfer the action, to extend their time to respond to the complaint, and to stay discovery. In addition, by Order dated February 13, 2008, this Court directed the parties to appear for a Rule 16 conference on April 11, at 10:00 a.m.

Under these circumstances, this Court will not grant a default judgment: defendants were actively defending the litigation, which had just commenced, and were awaiting a determination on their February 1 application when plaintiff made his Rule 55 motion. In opposing this motion, they also claim that they have meritorious defenses to the action.

Accordingly, plaintiffs' motion for a default judgment [8] is denied, and defendants' cross motion to vacate the entry of default [13] is dismissed as moot since no default judgment has been entered. The parties are directed to appear in Courtroom 23A on April 11, 2008, at 10:00 a.m. for a Rule 16 conference with the expectation that there will be no further unnecessary motion practice, at least until then.

Dated: New York, New York
       March 24, 2008

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.