UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SAUL ROTHENBERG, EBRAHIM ABOOD, AND
TOBBY KOMBO, individually and on behalf of all others
similarly situated,

            Plaintiffs,

-against-

MATTHEW DAUS, DIANE MCGRATH-MCKECHNIE,
JOSEPH ECKSTEIN, ELIZABETH BONINA, THOMAS
COYNE, THE NEW YORK CITY TAXI AND
LIMOUSINE COMMISSION, AND THE CITY OF NEW
YORK,

            Defendants.

**ANSWER**

No. 08 CV 00567 (SHS)

------------------------------------------------------------------------ X

    Defendants the City of New York (the "City"), Matthew Daus, Diane McGrath-McKechnie, Joseph Eckstein, Elizabeth Bonina, Thomas Coyne, and the New York City Taxi and Limousine Commission ("TLC"), by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint filed on January 23, 2008 (hereinafter the "complaint"), respectfully allege upon information and belief as follows:

    1.  Deny the allegations set forth in paragraph "1" of the complaint, except aver that TLC is authorized by law to revoke the license of drivers who have tested positive for illegal drugs or who have been convicted of crimes related to the driver's fitness.

    2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that TLC routinely presents only documentary evidence of a positive drug test result or of a criminal conviction at the revocation hearing.

    3.  Deny the allegations set forth in paragraph "3" of the complaint.

    4.  Deny the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to proceed as described therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purport to proceed as described therein.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to proceed as described therein and admit that the principal office of TLC is located at 40 Rector Street, in the County, City and State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to proceed as described therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that the records of TLC indicate plaintiff Saul Rothenberg had his license to operate a taxicab revoked on July 25, 2007, after a hearing and an opportunity to respond to the recommendation of the administrative law judge.

10. Deny knowledge or information sufficient to form as to the truth of the allegations set forth in paragraph "10" of the complaint, except admit that the records of TLC indicate plaintiff Ebrahim Abood had his license to operate a taxicab revoked on June 22, 2006, after a hearing and an opportunity to respond to the recommendation of the administrative law judge..

11. Deny knowledge or information sufficient to form as to the truth of the allegations set forth in the first paragraph "11" of the complaint, except admit that the records of TLC indicate plaintiff Tobby Kombo had his license to operate a taxicab revoked on June 20,

2007, after a hearing and an opportunity to respond to the recommendation of the administrative law judge.

   12. Deny the allegations set forth in the second paragraph "12" of the complaint, except admit that Matthew Daus is the Commissioner and Chairperson of TLC, and has the powers and responsibilities set forth in Chapter 65 of the New York City Charter ("Charter") and Chapter 5 of Title 19 of the Administrative Code..

   13. Deny the allegations set forth in the second paragraph "13" of the complaint, except admit that Diane McGrath-McKechnie is a former Commissioner and Chairperson of TLC.

   14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that Joseph Eckstein is TLC's Deputy Commissioner of Adjudications.

   15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that Elizabeth Bonina was at the relevant time the TLC's Chief administrative law judge, and that she has recently taken leave from the TLC.

   16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that Thomas Coyne was at the relevant time the TLC's Deputy Chief administrative law judge.  Aver that Mr. Coyne is currently employed by the New York City Department of Consumer Affairs as an administrative law judge.

   17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that TLC is an agency of the City of New York, and is organized with the powers and duties set forth in Chapter 65 of the Charter and Chapter 5 of Title 19 of the Administrative Code; and admit that TLC employs administrative law judges ("ALJs") on a per diem basis.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that the City of New York is a municipal corporation that exists pursuant to the laws of the State of New York and that TLC is an agency of the City of New York.

19. Deny the allegations set forth in paragraphs "19" through "21" of the complaint, except admit that plaintiffs purport to proceed as described therein.

20. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence, and allege that there are approximately 43,000 licensed taxicab drivers, and 49,000 for-hire vehicle drivers.

21. Deny the allegations set forth in paragraph "23" of the complaint.

22. Deny so much of the allegations set forth in paragraph "24" of the complaint as allege that a class action is appropriate.

23. Deny the allegations set forth in paragraph "25" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint, except deny so much as allege that a class action is appropriate.

25. Deny the allegations set forth in paragraph "27" of the complaint.

26. Deny the allegations set forth in paragraph "28" of the complaint, except admit that an individual must possess a license issued by TLC in order to operate a taxicab or a for-hire vehicle within the City of New York as set forth in Chapter 5 of Title 19 of the Administrative Code.

27. Deny the allegations set forth in paragraph "29" of the complaint, except aver that TLC is authorized by law to suspend or revoke a license of driver who is found to be unfit.

28. Deny the allegations set forth in paragraphs "30" and "31" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

29. Deny the allegations set forth in paragraph "32" of the complaint.

30. Deny the allegations set forth in paragraph "33" of the complaint.

31. Deny the allegations set forth in paragraph "34" of the complaint.

32. Deny the allegations set forth in paragraph "35" of the complaint, and aver that the TLC's drug testing procedures comply with 35 RCNY §§ 2-19(b), 6-16(v) and the guidelines promulgated by the Substance Abuse and Mental Health Services Administration (SAMHSA) of the United States Department of Health and Human Services, set forth at 69 Fed. Reg. 19644 (2004).

33. Deny the allegations set forth in paragraph "36" of the complaint, and aver that findings pursuant to Section 1043(h)(1) of the New York City Charter were made to the effect that a drug-free driving force ensures the health and safety of passengers, other motorists and pedestrians in the City of New York.

34. Deny the allegations set forth in paragraph "37" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

35. Deny the allegations set forth in paragraph "38" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

36. Deny the allegations set forth in paragraph "39" of the complaint, and as to footnote 1, aver that adjudications of revocations based on criminal convictions and positive drug test results are heard at the New York City Office of Administrative Trials and Hearings ("OATH") effective June 29, 2007 and August 31, 2007, respectively.

37. Deny the allegations set forth in paragraph "40" of the complaint, except admit that TLC's practice is to present no witnesses at a revocation hearing for a positive result from an annual, scheduled drug test and that the driver has the opportunity to be represented by counsel, and present witnesses and other relevant evidence at the hearing.

38. Deny the allegations set forth in paragraph "41" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

39. Deny the allegations set forth in paragraph "42" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

40. Deny the allegations set forth in paragraph "43" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

41. Deny the allegations set forth in paragraph "44" of the complaint..

42. Deny the allegations set forth in paragraph "45" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

43. Deny the allegations set forth in paragraphs "46" and "47" of the complaint.

44. Admit the allegations set forth in paragraph "48" of the complaint.

45. Deny the allegations set forth in paragraph "49" of the complaint.

46. Admit the allegations set forth in paragraph "50" of the complaint, except aver that the driver has the opportunity to be represented by counsel, and present witnesses and other relevant evidence at the hearing.

47. Deny the allegations set forth in paragraph "51" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

48. Deny the allegations set forth in paragraph "52" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

49. Deny the allegations set forth in paragraph "53" of the complaint, except admit that the TLC employs administrative law judges are assigned to the Adjudications Division of TLC, to adjudicate alleged violations of TLC rules.

50. Deny the allegations set forth in paragraph "54" of the complaint, except admit that TLC administrative law judges had, during the relevant period, conducted hearings to revoke a license pursuant to applicable law and rules.

51. Deny the allegations set forth in paragraph "55" of the complaint, except admit that the TLC administrative law judges, except for management positions, are employed on a per-diem, at-will basis.

52. Deny the allegations set forth in the last sentence of paragraph "56" of the complaint, and as to the remaining allegations, deny so much as alleges or purports to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiffs to the relief requested in their complaint.

53. Deny the allegations set forth in paragraph "57" of the complaint.

54. Deny the allegations set forth in paragraph "58" of the complaint.

55. Deny the allegations set forth in paragraph "59" of the complaint, except admit that during the relevant time period TLC has hired administrative law judges for management positions at TLC, after a public notice.

56. Deny the allegations set forth in paragraph "60" of the complaint.

57. Deny the allegations set forth in paragraph "61" of the complaint, except admit that agencies of the City of New York are governed by the provisions of relevant federal, state and municipal statutes, law and regulations; that TLC was created pursuant to the provisions of Chapter 65 of the Charter; and respectfully refer the Court to such chapter for a complete and accurate statement of the provisions governing the structure, powers and duties of TLC.

58. Deny the allegations set forth in paragraph "62" of the complaint insofar as they allege or purport to allege any wrongdoing on the part of the defendants, or any entitlement by the plaintiff to the relief requested in its complaint.

59. Admit the allegations set forth in paragraph "63" of the complaint that assert that plaintiff Saul Rothenberg has owned a taxi medallion since 1985, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "63" of the complaint.

60. Deny the allegations set forth in paragraph "64" of the complaint, except admit that TLC records indicate that plaintiff Saul Rothenberg was notified on April 2, 2007, of, *inter alia*, his positive drug test result, suspension of his license and the scheduling of a fitness hearing for April 5, 2007; the fitness hearing was held on May 24, 2007; the TLC administrative law judge recommended revocation of plaintiff Rothenberg's license on June 1, 2007; and the TLC Chairperson accepted the recommendation and revoked plaintiff Rothenberg's license on July 25, 2007.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint, except admit that at his hearing plaintiff Saul Rothenberg presented a negative test report from an unauthorized testing service and based on a different urine sample collected more than a month after the original sample.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the complaint, except admit that plaintiff Saul Rothenberg had passed prior annual drug tests administered by TLC.

63. Deny the allegations set forth in paragraph "67" of the complaint, except admit that TLC records reflect that plaintiff Ebrahim Abood had been licensed since 2004.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "68" of the complaint, and admit the remaining allegations set forth in paragraph "68" of the complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "70" of the complaint, and admit the remaining allegations set forth in paragraph "70" of the complaint, and aver that plaintiff Tobby Kombo admitted that he pled guilty to a felony after attacking his ex-wife with an iron bar.

67. In response to the allegations set forth in paragraph "71" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraphs "72," "73," "74" and "75" of the complaint.

69. In response to the allegations set forth in paragraph "76" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein..

70. Deny the allegations set forth in paragraphs "77," "78," and "79" of the complaint.

71. In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraphs "81" and "82" of the complaint.

73. In response to the allegations set forth in paragraph "83" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraphs "84" and "85" of the complaint.

75. In response to the allegations set forth in paragraph "86" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraphs "87" and "88" of the complaint.

77. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

78. Deny the allegations set forth in paragraph "90" and "91" of the complaint.

79. In response to the allegations set forth in paragraph "92" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraphs "93" "94," and "95" of the complaint.

81. In response to the allegations set forth in paragraph "96" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraphs "97" and "98" of the complaint.

83. In response to the allegations set forth in paragraph "99" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "100," "101" and "102" of the complaint.

85. In response to the allegations set forth in paragraph "103" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

86. Deny the allegations set forth in paragraph "104" and "105" of the complaint.

87. In response to the allegations set forth in paragraph "106" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "107" and "108" of the complaint.

89. In response to the allegations set forth in paragraph "109" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67" of their answer, as if fully set forth herein.

90. Deny the allegations set forth in paragraph "110" and "111" of the complaint.

91. Deny the allegations set forth in paragraph "112" of the complaint.

92. Deny plaintiffs are entitled to relief requested in the WHEREFORE clause of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93. The complaint fails to state a claim for relief cognizable under federal law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

95. Accordingly, any actions of defendants complained of herein were in all respects lawful, proper and constitutional.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

96. The complaint fails to state a claim for relief cognizable under state law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

97. This Court should decline to exercise supplemental jurisdiction over those claims that are purportedly raised pursuant to state law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

98. At all times relevant, the individually-named defendants acted within their scope of employment in a good faith belief that their actions were lawful, proper and constitutional and did not violate any clearly established rights of which a reasonable person would have knowledge, at the time.

99. Consequently, the individually-named defendants are immune from liability under the doctrine of qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

100. Any damages sustained by plaintiffs resulted from plaintiffs' own culpable conduct.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

101. Plaintiffs do not meet the requirements set forth in Rule 23 for class certification.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

102. Plaintiffs failed to file a notice of claim before commencing this action. Accordingly, their non-constitutional, state law claims for damages are barred pursuant to Sections 50-e and 50-i of the New York General Municipal Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

103. Claims against the City of New York under state law are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

104. This action is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

105. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

106. Punitive damages are not obtainable as against the City of New York.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

107. The individual plaintiffs' claims are not ripe for adjudication.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, awarding them costs and disbursements in this action, including reasonable attorneys' fees, and all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          April 7, 2008

>                   MICHAEL A. CARDOZO
>                   Corporation Counsel of the
>                     City of New York
>                   Attorney for Defendants
>                   100 Church Street
>                   New York, New York 10007
>                   (212) 788-0764
>
>                   By:      /s/
>                         AMY J. WEINBLATT (AW 0024)
>                         Assistant Corporation Counsel