USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-31-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SAUL ROTHENBERG, EBRAHIM ABOOD, AND
TOBBY KOMBO, individually and on behalf of all others
similarly situated,

Plaintiffs,

-against-

MATTHEW DAUS, DIANE MCGRATH-MCKECHNIE,
JOSEPH ECKSTEIN, ELIZABETH BONINA, THOMAS
COYNE, THE NEW YORK CITY TAXI AND
LIMOUSINE COMMISSION, AND THE CITY OF NEW
YORK,

Defendants.

------------------------------------------------------------------- X

**STIPULATION AND
ORDER REGARDING
CONFIDENTIAL MATERIAL**

No. 08 CV 00567 (SHS)

**WHEREAS,** by order of the Hon. Ronald L. Ellis set forth on the record of
proceedings held on March 4, 2009, defendants were ordered to "remove redactions of the
addresses on letters sent to taxi drivers," and that a "protective order would be appropriate since
they involve the names – they involve the addresses of individuals,"

**IT IS HEREBY STIPULATED AND AGREED**, by and among Saul
Rothenberg, Ibrahim Abood, and Tobby Kombo (collectively, "plaintiffs"), and the City of New
York (the "City"), Matthew Daus, Diane McGrath-McKechnie, Joseph Eckstein, Elizabeth
Bonina, Thomas Coyne, and the New York City Taxi and Limousine Commission ("TLC"),
(collectively, "defendants"), and their respective attorneys, that the following provisions shall
govern discovery in this action:

1. Any party or non-party from whom discovery has been sought (the
"producing party") may designate as "Confidential" any document, testimony, or other discovery
material. "Confidential Material" as used herein shall refer to any so designated document,

testimony, or other discovery material and all copies thereof, and shall also refer to the information contained therein. "Confidential," as used herein, shall mean any materials which, in the producing party's judgment, contain the addresses of taxi drivers, or other personal information. Material designated as "Confidential" shall be treated as such unless the Court orders otherwise.

2.    Material shall be designated as "Confidential" by placing or affixing on such material a "CONFIDENTIAL" notice or, in the case of materials to be produced for inspection, otherwise identifying it as "Confidential." Any such notice which is inadvertently omitted during document production or inspection may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Any exhibit which is deemed "Confidential" shall be so designated by stamping the exhibit accordingly. If designation occurs after receipt of the transcript, then each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

3.    "Disclose" shall mean to disseminate, display, or otherwise reveal the contents of the Confidential Material to third parties.

4.    Confidential Material may not be disclosed to anyone except

  a.    The Court and its employees;

  b.    Outside or in-house counsel of the parties and employees of counsel for the parties who are working on this litigation;

  c.    Actual and potential deposition or trial witnesses in this action;

  d.    Employees of any of the parties to this action who are assisting counsel in the prosecution or defense of this action; and

2

       e. Independent experts and their employees retained by any of the parties to this action or their counsel who arc assisting in the prosecution or defense of this action.

  5. Each person within category 4(e) and a representative of the party or parties which have retained that person shall agree in advance to be bound by this Stipulation and Order Regarding Confidential Material ("Stipulation and Order") by signing a certificate in the form annexed hereto as Exhibit A. Counsel for the party or parties executing the certificate shall keep the original of each executed certificate and furnish a copy to opposing counsel upon request.

  6. Confidential Material shall be used solely for the prosecution or defense of the claims in this action.

  7. All Confidential Material produced to a party shall be stored under the direct control of counsel for that party, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Order.

  8. This Stipulation and Order may be modified by the Court for good cause or to accommodate requirements of adjudication on the merits by trial or otherwise. Before filing any material designated "Confidential" with the Court, the party wishing to file the material shall advise the Court and adversary counsel in writing so that the Court may determine how to protect the confidential nature of the material proposed to be filed. The parties shall not submit sealed or Confidential Material to the Court without prior consultation with chambers, nor seal or label as Confidential portions of documents which do not consist of or embody Confidential Material.

  9. Any documents designated as "Confidential" by any party which are designated in advance by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may be offered into evidence in open court unless the party

3

which had designated them as "Confidential" obtains an appropriate protective order from the Court.

10.     This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.

11.     Nothing herein shall impose any additional confidentiality obligation upon information which (a) was in the public domain or (b) was obtained from a third party by the producing party without any breach by either the third party or the producing party of any duty or obligation on its part, or (c) already was in the possession of the party to which it was produced in the form in which it was produced.

12.     Nothing in this Stipulation and Order shall be deemed to prejudice defendants from discharging their duties under law, or to release and discharge the plaintiffs from their obligations to comply with administrative requests that are made for documents. Documents that are requested and obtained administratively, either pursuant to rule, regulation or contract, now or in the future, by the defendants, or any other agency of the City of New York, are not subject to this Stipulation and Order.

13.     Nothing in this Stipulation and Order shall preclude any party from seeking additional or different relief to protect proprietary, competitive or sensitive business or personal information.

14.     Except as otherwise agreed in writing by the producing party, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, all material that has been designated as "Confidential" and that is still the subject of the protections afforded herein, and all copies thereof, produced by any party in this action or otherwise obtained from any party through discovery in this action, shall be promptly

4

returned to the producing party, or, at the written request of the producing party, destroyed. Each

party producing material which has been designated as "Confidential" will retain one set of such

materials produced by it for a period of at least one year following the conclusion of this action

and any appeals arising therefrom. Thereafter, such producing party may dispose of such

retained materials in the ordinary course of business as part of its routine document disposal

procedure.

15.    Nothing in this Stipulation shall be construed to waive or limit the rights

of any party to object to a discovery request.

16.    For the purposes of this Stipulation only, the parties agree to be subject to

the jurisdiction of the Court and to be bound by the terms of this Stipulation and Order.

Dated:    New York, New York
          March  **23**, 2009

DANIEL L. ACKMAN (DA 0103)
12 Desbrosses Street
New York, NY 10013
(917) 282-8178

Attorney for the Plaintiffs

MICHAEL A. CARDOZO
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 5-176
New York, New York 10007
(212) 788-0764

By:  AMY J. WEINBLATT (AW 0024 )
Assistant Corporation Counsel

SO ORDERED:

_____
                                    U.S.M.J.

Dated:    New York, New York
          March **31**, 2009

5

## EXHIBIT A

Re: Rothenberg et al. v. Daus, et al., 08 CV 00567 (SHS)

The undersigned, _____, hereby acknowledges that

1. [S]he has read and understands the Stipulation and Order Regarding Confidential Material dated _____, 2009 ("Stipulation and Order") entered into by the parties in the above-referenced action, and so ordered by the Court, and

2. [S]he is fully familiar with and agrees to comply with and be bound by the provisions of the Stipulation and Order.

_____
Date

_____
Name:

Title:

6