UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X------------------------------------------------------------------X
SAUL ROTHENBERG, EBRAHIM ABOOD,
TOBBY KOMBO, KONSTANTINOS
KATSIGIANNIS, BOUBACAR DOUMBIA,
ROBERT DYCE and MOUSTACH ALI,
individually and on behalf of all others similarly
situated,

                                   Plaintiffs,        08-CV-00567 (SHS)

        -Against-

MATTHEW DAUS, DIANE MCGRATH-
MCKECHNIE, JOSEPH ECKSTEIN, ELIZABETH
BONINA, THOMAS COYNE, THE NEW YORK
CITY TAXI AND LIMOUSINE COMMISSION,
AND THE CITY OF NEW YORK,

                                   Defendants.
X------------------------------------------------------------------X

## DECLARATION OF DANIEL L. ACKMAN IN SUPPORT OF THE PROPOSED SETTLEMENT

DANIEL L. ACKMAN declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the Bar of the State of New York and counsel for the named plaintiffs in the above-captioned action. I submit this declaration in support of a finding that the proposed settlement is fairs and reasonable with respect to the attorneys' fees award to me.

2. I graduated from Columbia Law School in 1988, where I was a Stone Scholar. At the beginning of my career, I was associated with Skadden, Arps, Slate, Meagher & Flom LLP. For the past 16 years, my practice has focused on class action litigation, most often concerning the civil rights of taxi drivers. One such action, *Padberg, et al. v. McGrath-McKechnie, et al.*, No. 3355 Civ. 2000 (RJD), resulted in a 2006 eve-of-trial settlement that entitles the plaintiff class members to equitable relief and to roughly $7 million in damages as well as attorneys' fees.

1

3.      I have also acted as lead counsel in numerous other putative class actions in state and federal court, some of which are pending, others of which have been unsuccessful. Those cases include, but are not limited to, *Nnebe v. Daus*, 06-CV-4991 (KMK) (lead counsel along with David T. Goldberg; interlocutory appeal and class certification motion pending); *Harrell, et al. v. City of New York*, et al. 14 CV 7246 (VEC) (co-lead counsel with Harris St. Laurent & Chaudhry), in which plaintiffs have been awarded summary judgment based on a the court's conclusion that plaintiffs had demonstrated a violation of the Fourth Amendment and a denial of Due Process, and an interim fee award; *DeCastro, et al. v. City of New York, et al.*, No.16-cv-3850 (RA) (co-lead counsel with Harris St. Laurent & Chaudhry), in which plaintiffs have been awarded summary judgment and an award of fees based on a partial settlement; *El-Nahal v. Yassky, et al.*, No. 13-cv-3690 (KBF); *Singh v. City of New York*, No. Index No. 701402/17 (Sup. Ct. Queens. County) (co-lead counsel with Wolf Haldenstein Adler Freeman & Herz LLP; pending); and *Pervaiz v. Queens Medallion Leasing, Inc.*, Index No. 450220/2012 (Sup. Ct. N.Y. County).

4.      When I handle commercial cases, which I do less often, I charge based on a flat rate or contingency or a blend of the two methods.

5.      In this case, I was sole counsel from the commencement of the action in January 2008 through a successful appeal to the Second Circuit, which was decided in July 2012. After that appeal, Norman Siegel and his firm Siegel Teitelbaum & Evans, LLP joined the action as co-counsel. But even after that point, I did the vast majority of the work in litigating the post-remand summary judgment motion and other post-remand motions. These facts are reflected in the Whereas Clauses of the proposed Stipulation of Settlement.

6.  During the long period of settlement negotiations, which ran from February 2016 until July 2017, when the proposed Stipulation of Settlement was signed, the parties always discussed attorneys' fees separately from the damages and injunctive aspects of the settlement.

7.  The attorneys' fees were not discussed in earnest until after the parties had agreed on damages for a class of plaintiffs whose licenses had been revoked because of a conviction for driving while ability impaired and that the TLC would propose an amendment of TLC Rule 68-14. This agreement was reached in August 2016.

8.  The parties met for further settlement negotiations with Hon. Lewis Kaplan, USDJ, serving as mediator. The first such conference was held on November 22, 2016.

9.  During those negotiations, defendants insisted that, despite my role in this action, I not be named co-class counsel. Ultimately I agreed to this condition in order to facilitate a settlement for the class.

10. In the months prior to that conference I submitted a detailed statement of hours expended on this matter between July 2007 and September 2016, attached hereto as Exhibit A, along with a detailed statement of out-of-pocket expenses, attached hereto as Exhibit B. The documented expenses totaled $30,792.39 of which $6,832.46 had already been re-paid by defendants as costs incurred in litigating the successful appeal. My attorneys' fees statement, which I forwarded to defendants' counsel on September 9, 2016, was compiled from contemporaneous records. My entries are in increments of 0.1 hours. That statement detailed 2,299 hours expended until September 6, 2016.

11. I did not submit hours for after September 6, 2016, though I did spend a substantial amount of time negotiating the settlement and on drafting and editing parts of the

3

Stipulation of Settlement and the related documents referenced in the Stipulation, which were not finalized until July 2017.

12. Based on recent fee awards in the Southern District of New York, I proposed an hourly rate of $525, which based on 2,299 hours expended, would have meant a lodestar of $1,206,975.

13. After intensive, arms-length negotiations with defendants' counsel, supervised by Judge Kaplan, the parties agreed that I would be awarded fees of $745,000, which is 61% of the lodestar based on an hourly rate of $525. The parties also agreed that I would be paid $19,349.00 for costs as defined by 28 U.S.C. § 1920, a discount from the documented out-of-pocket expenses.

14. In *Harrell, et al. v. City of New York*, et al. 14 CV 7246 (VEC), I was recently awarded fees due to an interim ruling based on an hourly rate of $450. Using that rate, the lodestar in this action would be $1,034,550. The fee award agreed to here would be 72% of that lodestar.

15. Judge Lewis Kaplan directly facilitated the negotiations leading to the parties' acceptance of the $745,000 award.

16. I believe that given my experience, the effectiveness of my efforts in this action, based on the hours expended, recent hourly rates awarded in this district, the lodestar, the amount of hours that went unbilled, the fact that the award was subject to intensive arms-length negotiations, and that none of the award will derive from payments to plaintiffs, this fee award is fair and reasonable.

Dated: New York, New York
      October 25, 2017

                                                                                                /s/
                                                                                           Daniel L. Ackman