# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X------------------------------------------------------------X

SAUL ROTHENBERG, EBRAHIM ABOOD,
TOBBY KOMBO, KONSTANTINOS
KATSIGIANNIS, BOUBACAR DOUMBIA,
ROBERT DYCE and MOUSTACH ALI,
individually and on behalf of all others similarly
situated,

                      Plaintiffs,

      -against-

MATTHEW DAUS, DIANE MCGRATH-
MCKECHNIE, JOSEPH ECKSTEIN, ELIZABETH
BONINA, THOMAS COYNE, THE NEW YORK
CITY TAXI AND LIMOUSINE COMMISSION,
AND THE CITY OF NEW YORK,

                      Defendants.

X------------------------------------------------------------X

08-CV-00567 (SHS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/17

## STIPULATION OF SETTLEMENT

      WHEREAS, on January 23, 2008, Plaintiffs Saul Rothenberg, Ebrahim Abood and Tobby Kombo commenced the above-captioned action (the "Action") by filing a complaint in which they challenged, pursuant to 42 U.S.C. § 1983, the constitutionality of procedures employed by the New York City Taxi and Limousine Commission ("TLC") to revoke named plaintiffs' taxi or for-hire vehicle driver licenses in response to either a criminal conviction or a positive result on a drug test scheduled annually by the licensee; and

      WHEREAS, the hearings to determine the fitness of taxicab and for-hire vehicle drivers following a positive drug test result or a criminal conviction were transferred from the TLC to the New York City Office of Administrative Trials and Hearings ("OATH") on or about August 31, 2007 and June 29, 2007, respectively (the "OATH Transfer"); and

      WHEREAS, the complaint subsequently was amended and supplemented as of right and filed on or about September 23, 2009 ("Amended Complaint"), adding Plaintiffs

Konstantinos Katsigiannis, Boubacar Doumbia, Robert Dyce and Moustach Ali (together "plaintiffs"), and Defendants filed an answer to the Amended Complaint; and

WHEREAS, on September 30, 2010 the Court issued an Opinion and Order granting Defendants' motion for summary judgment and denying Plaintiffs' motion for partial summary judgment; and

WHEREAS, on July 2, 2012, the Second Circuit Court of Appeals issued an opinion and judgment affirming in part and vacating and remanding for further proceedings the District Court's order; and

WHEREAS, on July 31, 2014, the Court issued an Opinion and Order granting in part and denying in part Defendants' second motion for summary judgment and granting in part and denying in part Plaintiffs' second motion for summary judgment, and set down certain claims for trial; and

WHEREAS, on March 27, 2015, the Court issued an Opinion and Order granting in part Defendants' motion for reconsideration as to its July 31, 2014 order and denying Plaintiffs' motion for reconsideration as to that order; and

WHEREAS, on May 26, 2015, the Court issued an order denying Plaintiffs' request that it direct entry of a final judgment; and

WHEREAS, Plaintiffs, by Daniel Ackman of the Law Offices of Daniel L. Ackman and Norman Siegel of Siegel Teitelbaum & Evans, LLP ("STE") moved for class certification, which includes an application to be class counsel ("Motion for Class Certification"), and defendants opposed that motion; and

WHEREAS, Defendants moved to preclude Plaintiffs from introducing evidence of damages at trial ("Motion to Preclude"), and Plaintiffs opposed that motion; and

WHEREAS, by Order of the Court dated August 29, 2016, the Court dismissed without prejudice the Motion for Class Certification and the Motion to Preclude, subject to their renewal upon the written request of either party, and referred the matter to the Hon. Lewis A. Kaplan for settlement discussions; and

WHEREAS, Plaintiffs assert that Mr. Ackman litigated this action as sole counsel of record through an appeal to the Second Circuit Court of Appeals in July 2012; and

WHEREAS, Mr. Siegel and STE appeared in the case in April 2013, though Mr. Siegel had participated in previous efforts to settle the action starting in August 2012; and

WHEREAS, after the remand from the Second Circuit, Plaintiffs assert that Mr. Ackman remained lead counsel, doing the vast majority of the work on post-remand motions and discovery, while Mr. Siegel assisted in those efforts and continued to engage in settlement discussions with Defendants; and

WHEREAS, Plaintiffs assert that Mr. Ackman individually and Ackman and STE collectively have adequately represented the individual Plaintiffs and Putative Class and would continue to do so for purposes of settlement; and

WHEREAS, Defendants assert that despite the amount of work Mr. Ackman performed in this case, he is not qualified to be designated as class counsel; and

WHEREAS, while Plaintiffs assert that Mr. Ackman is fully qualified to act as class counsel, solely in order to facilitate a settlement, Mr. Ackman agrees to have only STE appointed class counsel in this action; and

WHEREAS, Mr. Ackman remains counsel for the individuals named as Plaintiffs in this Action; and

-3-

WHEREAS, Mr. Ackman's agreement that only STE be class counsel is made with the understanding that if the proposed settlement as set forth herein is not finalized and approved by the Court, Mr. Ackman will be permitted to revive Plaintiffs' Motion for Class Certification, including his appointment as class counsel or co-class counsel, and Defendants will be permitted to continue to oppose Plaintiffs' motion for class certification and to revive their Motion to Preclude; and

WHEREAS, Defendants deny any and all wrongdoing alleged in this Action and deny any liability whatsoever to the Plaintiffs, notwithstanding anything to the contrary in the July 31, 2014 Memorandum and Order of the Court; and

WHEREAS, the parties have engaged in extensive discussions to resolve this Action without the time, uncertainties and expense of trial or further appeals; and

WHEREAS, the Parties desire to enter into this Stipulation of Settlement to conclude and settle the Action, and to set forth their understandings and agreements with respect to the settlement of all claims brought, or that could have been brought as claims, by the Plaintiffs in the Action; and

WHEREAS, this Stipulation of Settlement, which is subject to the Court's approval after a fairness hearing, settles this action in the manner and on the terms set forth below;

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

A. **DEFINITIONS**

1. The "Settlement Class" consists of all non-probationary taxi and for-hire vehicle drivers, licensed by the New York City Taxi and Limousine Commission ("TLC") who, during the time period from January 23, 2005 until January 14, 2014, (i) surrendered their license

to TLC, or (ii) had their license revoked by TLC after attending a fitness hearing, or (iii) had their license revoked by TLC after failing to attend a fitness hearing, based solely on a conviction for driving while ability impaired ("DWAI") where such conviction was based on an act that did not occur while the driver was on-duty operating a taxicab or for-hire vehicle.

2.     "Class Counsel" means Siegel Teitelbaum & Evans, LLP.

3.     "Settlement Class Representative" means Moustach Ali.

4.     "Settlement Class Member" means any member of the Settlement Class who has not either opted out of the class by filing a timely Opt Out Form as specified in this Stipulation of Settlement, or who has not previously settled or otherwise disposed of claims as asserted in this Action.

5.     The "Putative Class" is defined pursuant to the terms of the amended complaint filed in this Action.

6.     A "Putative Class Member" means any member of the Putative Class who is not a member of the Settlement Class.

7.     The "Named Plaintiffs" means Saul Rothenberg, Ebrahim Abood, Tobby Kombo, Konstantinos Katsigiannis, Boubacar Doumbia, Robert Dyce and Moustach Ali.

8.     "Fairness Hearing" is a court hearing wherein the fairness of a proposed settlement is evaluated by the court and any objections to a proposed settlement are heard by the court.

9.     "Class Notice" means the forms of Notice of Class Action Settlement and Fairness Hearing, described in paragraphs 34 and 35.

10.     "Notice by Publication" means the notice by publication as described in paragraph 37 herein.

11.    "Applicant" means any non-probationary taxi or for-hire vehicle driver who, although not identified as a member of the Settlement Class by the date of the sending of the Class Notice, later claims to be a member of the Settlement Class.

12.    "Opt-Out" is the procedure that must be completed by any potential member of the Settlement Class in order to be excluded from the Settlement Class, as provided in paragraphs 54 through 56 of this Stipulation.

13.    "Opt-Out Period" means the period from the date the Notice is sent by mail to all Settlement Class Members until 45 days thereafter, or 45 days before the date of the Fairness Hearing, whichever is later.

14.    "Preliminary Approval" means the issuance of an order (the "Preliminary Approval Order") substantially in the form of Exhibit A hereto, preliminarily approving the Settlement Agreement, authorizing the dissemination of the Notice and setting a date for the Fairness Hearing.

15.    The "Effective Date" means the date on which the Court issues an order or judgment dismissing this Action and approving the terms of this Stipulation of Settlement.

16.    The "Bar Date" means the deadline by which any Settlement Class Member or qualified Applicant must complete the Settlement Claim Procedure in order to receive payment. The Bar Date will occur twelve (12) months from the Effective Date, or such other date set by the Court.

17.    The "Settlement Claim Procedure" means the submission before the Bar Date of a completed Claim Form; the submission of a City of New York Substitute W-9 form; and the submission of an individual release in the form provided by the City completed with notarized signature, as provided in paragraphs 45 through 53 herein.

18.     The "Time Period" means 20 days from the date or event referenced or such other number of days specified therein, which period may be extended for up to 15 days upon notice from Class Counsel or Counsel for Defendants or as ordered by the Court upon application of Counsel.

19.     The "City" means the City of New York.

20.     "Released Persons" means the defendants and their predecessors, successors, or assigns, together with past, present, and future officials, employees, representatives and agents of the City and the TLC.

**B.     TERMS AND EFFECTS**

21.     On the Effective Date, the Action will be dismissed by the Court with prejudice as to the Named Plaintiffs and as to the Settlement Class members, without costs, expenses or fees in excess of the amounts authorized by this Stipulation of Settlement. The dismissal will be without prejudice as to any Putative Class Members. Tolling of the statute of limitations for any remaining claims of purported Putative Class Members ends on the Effective Date, subject to applicable law. Defendants reserve their defenses, if any, as to any action commenced by a purported Putative Class Member, including applicable statute of limitations defenses.

22.     This Stipulation of Settlement, as of the Effective Date, resolves in full all claims against the Released Persons by the Settlement Class Members (except for those individuals who opt-out of the settlement class) and Named Plaintiffs. As of the Effective Date, Settlement Class Members, whether or not they participate in the Settlement Claim Procedure, waive and release all Defendants, as well as all their successors and assigns, and any and all past or present officials, employees, representatives, or agents of TLC or the City of New York, as well as all their successors or assigns, from any and all liability, claims, or rights of action,

-7-

whether joint or several, known or unknown, which the Settlement Class Members had or may have against any of the above which arises from the acts or omissions complained of in the Action, including all claims for costs, expenses and attorneys' fees accrued by Plaintiffs to the date of the execution of the releases referred to in Paragraphs 45, except reasonable attorneys' fees for legal services of Class Counsel for the period after November 21, 2016.

23. As more fully described in Section G below, Defendant City of New York agrees to pay by check delivered by first class mail to Named Plaintiffs and Settlement Class Members who comply with the Settlement Claim Procedure set forth in this Stipulation of Settlement the sums of money as set forth herein ("Settlement Amount").

## C.   APPLICATION FOR APPROVAL

24. Plaintiffs shall submit to the Court a Letter Motion requesting that the Court enter a Preliminary Approval Order substantially in the form of Exhibit A hereto. That Letter Motion shall request that the Court preliminarily approve the following: (a) this Stipulation of Settlement; (b) the designation of Class Counsel; and (c) the form and content of the Class Notice and of the Notice by Publication, attached hereto as Exhibits C and D, respectively; and direct that the Notice be provided to the Settlement Class Members in accordance with Section D herein and set the date for a Fairness Hearing.

25. Within 120 days of Preliminary Approval, Plaintiffs shall submit a motion for final approval of this Stipulation of Settlement to the Court that shall include a proposed Final Approval Order. The proposed Final Approval Order shall comply with Fed. R. Civ. P. 23(c)(3). The Final Approval Order shall request that the Court:

   a. approve finally this Stipulation and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its effectuation according to its terms;

b. direct that the Action against Defendants be dismissed with prejudice and that all claims therein against Defendants be dismissed with prejudice, except as provided for in this Stipulation, without costs;

c. reserve exclusive jurisdiction over the Settlement and this Agreement, including the administration and effectuation of this Settlement; and

d. list all Settlement Class Members who have timely elected to exclude themselves from the Settlement (i.e., "Opt-Outs").

26.    If this Agreement is finally approved by the Court in its current form, or in a form not materially different therefrom, the Parties agree not to take any appeal from entry of the Final Judgment or Final Approval.

27.    Any person who is entitled to be a member of the Settlement Class, but who has opted out of the class pursuant to Section H herein, shall not participate in any monetary or other benefits provided by this Stipulation of Settlement.

28.    Defendants will use their best efforts to achieve the amendment of TLC Rule 68-14 with the language contained in Exhibit B hereto.  In the interim, and until similar language is adopted by the TLC concerning fitness revocation proceedings, the TLC Chairperson will continue to accept, reject, or modify the Recommended Decision in a written decision that includes the reasons therefor.

29.    Class Counsel will take all necessary and appropriate steps to obtain approval of this Stipulation of Settlement and dismissal of the action.

D.    **PAYMENT And NOTICE TO SETTLEMENT CLASS MEMBERS**

30.    Subject to both paragraph "31" herein and final Court approval of this Stipulation of Settlement, the City agrees to pay Settlement Class Members who comply with the Settlement Claim Procedure set forth in Section G below, as follows:

- Settlement Class Members Whose Licenses Were Revoked After Attending a Fitness Hearing – $34,840

- Settlement Class Members Whose Licenses Were Revoked After Failing to Attend a Fitness Hearing – $26,130

- Settlement Class Members Whose Licenses Were Surrendered Prior to Revocation – $26,130

31.    Each payment made to a Settlement Class Member pursuant to the preceding paragraph of this Stipulation will not be reduced based on public assistance arrearages unless such arrearages have been reduced to a judgment pursuant to a plenary action. Each payment will also not be reduced by lien or judgment based upon the provision or receipt of medical services, including Medicaid services, provided that a letter of non-assertion is furnished. Nothing herein affects or limits the City's ability to pursue such debts or obligations, if any, in the future. Child support arrearages, and any other outstanding liens or judgments as a matter of record with the City of New York, will be deducted from such payment. Settlement Class Members reserve their right, if any, to challenge any such lien or judgment, through applicable state and federal law and statutory frameworks.

32.    To facilitate notice to Settlement Class Members, the TLC will produce a list of names of potential Settlement Class Members, together with the last known addresses and telephone numbers to the extent available, from non-probationary taxi or for-hire vehicle driver records maintained by the TLC (the "List"), and will transmit same to Class Counsel within a 10-day Time Period after the date of the Preliminary Approval order. Class Counsel agrees that the information provided by TLC shall be used for the sole purpose of providing notice to the Settlement Class. Defendants make no representation that such information provided from TLC

records is accurate or current. Except for official business of the TLC, the contents of, and information on, the List shall remain confidential and may not be disclosed in any manner to any member of the public by Class Counsel, counsel for Named Plaintiffs, or defendants' counsel.

33.     The Plaintiffs shall apply for Preliminary Approval of the Settlement Class and designation of Class Counsel, as set forth in Paragraph 24 above. Upon such approval, and at their own expense, the Settlement Class through Class Counsel may retain a claims administration service to undertake notifying members of the Settlement Class of the settlement.

34.     The initial Notice of Class Action Settlement, a copy of which is annexed hereto as Exhibit C, will be sent by Plaintiffs by first class mail to all Settlement Class Members known to the TLC at their current address or, if the parties have no current address, to the Settlement Class Members' last known address. Such notice will include: (a) a summary of the terms of the settlement; (b) the right of a Settlement Class Member to contest the settlement by first filing a written objection within the time period required or to appear in person or through counsel at a Fairness Hearing on a date to be determined by the Court; (c) an explanation of the procedure for Opt-Out; and (d) an explanation of the Settlement Claim Procedure.

35.     Class Counsel will cause the Class Notice to be mailed to the addresses provided to them by the defendants. The method of mailing will be by First Class Mail of the United States Postal Service. The Notice of Class Action Settlement will be mailed to members of the Settlement Class within 45 days after Preliminary Approval.

36.     In the event that the first mailing to an individual Settlement Class Member is returned by the United States Postal Service, and prior approval is obtained from the Court for the release of social security numbers, the City agrees to provide social security numbers of those individuals whose first mailing was returned to the settlement service, and

Class Counsel and its agents agree to treat such social security numbers as "Confidential Material" subject to the terms of the Stipulation and Order Regarding Confidential Material filed in this Action on March 31, 2009, for the limited and sole purpose of verifying addresses and effectuating a second mailing of the notice. The City will take no position on an application for the release of social security numbers under these circumstances. Class Counsel will notify Counsel for Defendants of Settlement Class Members whose notice by mail was returned.

37. Class Counsel, to the extent possible, will cause a Notice by Publication, in the form specified in Exhibit D, to appear in Taxi Talk, NYC Taxi News, T.L.C. Magazine and Black Car News. The Notice by Publication shall be made within the Time Period of the mailing of the Notice of Class Settlement or as soon as practicable thereafter depending on the publication schedule of the publications in which the Notice by Publication will be published. TLC will also post the Notice by Publication on its website within a 45-day Time Period from the date of Preliminary Approval and continuing until 90 days after the Effective Date.

## E.   ATTORNEYS' FEES AND COSTS

38. Subject to both Section E herein and final Court approval of this Stipulation of Settlement, the City agrees to pay counsel in full satisfaction of any and all claims for attorneys' fees and costs incurred in this Action, as follows:

(a) $55,000.00 to Siegel Teitelbaum & Evans, LLP

(b) $745,000.00 to Daniel L. Ackman, Esq.

39. Subject to final Court approval of this Stipulation of Settlement, the City agrees to reimburse counsel for Named Plaintiffs in the amount of $19,349.00 for costs as defined by 28 U.S.C. § 1920. The City will make payment for fees and costs stated in this paragraph and paragraph 38 within 90 days of the Effective Date.

40.     For services performed during the period after November 21, 2016 until on or before the Fairness Hearing, and then again on or before December 31, 2017, June 30, 2018, December 31, 2018, and June 30, 2019, respectively, and subject to final Court approval of this Stipulation of Settlement, the City agrees to make additional payments for Class Counsel's reasonable attorneys' fees, including fees for paralegal services, and costs pursuant to 28 U.S.C. § 1920, except for costs incurred to notify class members and to administer class notification and payment, upon submission of a detailed statement of the hours charged for legal and paralegal services in the same form and detail as statements of hours previously submitted to Counsel for Defendants, and review and approval of the reasonableness of such fees and services by Counsel for Defendants; and with respect to costs, upon the submission of competent documentation of reasonable and necessary costs to, and review and approval of the validity and reasonableness of such costs by, Counsel for Defendants. In the event that the parties cannot reach an agreement as to the amount of fees or costs or both, such issue(s) shall be submitted to the Court for determination. The payment set forth in paragraphs 38 and 39 is the total amount to be paid to Daniel Ackman, and Mr. Ackman agrees not to seek further attorneys' fees from the City regarding this matter unless this Stipulation of Settlement does not take effect and further litigation ensues.

41.     Attorneys' Fees and Costs specified above are apart from any payments made to the Settlement Class Members and Named Plaintiffs pursuant to this Stipulation.

F.     **PAYMENTS TO NAMED PLAINTIFFS**

42.     The City will pay $25,000 to each Named Plaintiff (in addition to whatever payments Plaintiff Ali may receive as a Settlement Class Member), provided that each Named Plaintiff satisfactorily completes the Settlement Claim Procedure. Each payment made to a Named Plaintiff pursuant to this paragraph will not be reduced based on public assistance

arrearages unless such arrearages have been reduced to a judgment pursuant to a plenary action. Each payment will also not be reduced by lien or judgment based upon the provision or receipt of medical services, including Medicaid services, provided that a letter of non-assertion is furnished. Nothing herein affects or limits the City's ability to pursue such debts or obligations, if any, in the future. Child support arrearages, and any other outstanding liens or judgments as a matter of record with the City of New York, will be deducted from such payment. Named Plaintiffs reserve their right, if any, to challenge any such lien or judgment through applicable state and federal law and statutory frameworks. Except for Named Plaintiffs Katsigiannis and Abood, as of March 23, 2017 none of the Named Plaintiffs have any of these other liens or judgments on record with the City of New York.

     43.    In consideration of receiving a Settlement Amount, the Named Plaintiffs agree to the dismissal with prejudice of all claims against the Defendants, and release all Defendants, as well as all their successors and assigns, and any and all past or present officials, employees, representatives, or agents of TLC or the City of New York, as well as all their successors or assigns, from any and all liability, claims, or rights of action, whether joint or several, known or unknown, which Named Plaintiffs had or may have against any of the above which arises from the acts or omissions complained of in the Action, including all claims for costs, expenses and attorneys' fees accrued by Plaintiffs to the date of the execution of the releases referred to in Paragraph 45 hereof.

     44.    Payments to Named Plaintiffs are apart from any payments made to the Settlement Class Members pursuant to this Stipulation.

## G. PROCEDURE FOR MAKING CLAIMS AND PAYMENTS

45. Settlement Class Members and Named Plaintiffs will be eligible for and receive payment conditioned upon completion of the Settlement Claim Procedure set forth herein. To be eligible to receive payment, a Settlement Class Member or Named Plaintiff must return a completed Claim Form, a City of New York Substitute Form W-9, and a notarized individual release in the form of the documents annexed hereto as Exhibits E, F and G, respectively. An Applicant who has provided satisfactory proof of membership in the Settlement Class must also return the above-described documents in order to be eligible to receive payment.

46. Within twenty (20) business days of the Effective Date, Counsel for Defendants will provide Class Counsel with individualized claim forms, City of New York Substitute Forms W-9 and releases for each Settlement Class Member whose notice was not returned a second time after mailing. Class Counsel shall then cause to be mailed a claim form, a City of New York Substitute Form W-9, and a release to each Settlement Class Member.

47. To receive a payment, all claim forms, forms of individual releases, and completed City of New York Substitute W-9 forms must be submitted to Class Counsel by the Bar Date. A claim form and related documents shall be deemed submitted upon deposit in a postpaid properly addressed envelope, in a post office or official depository of the United States Postal Service or when received by personal delivery to Class Counsel. Class Counsel shall provide completed claim forms, releases, and Substitute W-9 forms to Counsel for Defendants to effectuate payments on a bimonthly basis ("Scheduled Payment Submission Date"), commencing December 1, 2017 or as soon thereafter as possible and continuing on a bimonthly basis on the first of the month until payments of all settlement amounts properly submitted before the Bar Date are paid. Defendants will make payment within 90 days of the Scheduled Payment Submission Date to Settlement Class Members who complete the Settlement Claim

Procedure and whose claim forms, signed releases and completed City of New York Substitute W-9 forms are provided to Counsel for Defendants on or before the Scheduled Payment Submission Date.

48.     A Settlement Class Member or Named Plaintiff must provide in legible form all of the information required on the Claim Form and on the City of New York Substitute Form W-9, including name, address, TLC license number, and social security number, and must complete and sign the form of individual release of claims provided by the City before a notary in order to complete the Settlement Claim Procedure and be eligible to receive payment provided by this Stipulation of Settlement.

49.     Settlement Class Members who complete the Settlement Claim Procedure and whose Notice was not returned will be paid by mail and will not be required to make personal appearances in order to verify their identities unless good cause is shown to the Court to require any personal appearance. Settlement Class Members for whom there is no known address, or whose mailed notice was returned, must provide verification of their current addresses by notarized signature or personally appear, at a time and place to be determined by agreement of Class Counsel and Counsel for Defendants, and provide reliable photographic identification to verify their identities. Those Settlement Class Members whose identities are verified will thereafter receive payment by mail at addresses they provide.

50.     Payments pursuant to this Stipulation of Settlement will not be made to agents for Settlement Class Members other than Court appointed legal representatives. Payments may be made to legal heirs of deceased Settlement Class Members conditioned on completion of the Settlement Claim Procedure and furnishing of adequate proof of identity and death of the Settlement Class Member and legal entitlement of the claimant, including Letters Testamentary.

51.     Class Counsel and Counsel for Defendants will jointly determine whether Applicants qualify as Settlement Class Members. To the extent that Class Counsel and Counsel for Defendants cannot reach agreement, such issue will be submitted to the Court for resolution.

52.     Payments owed to Applicants determined to be Settlement Class Members identified after the Effective Date shall be made pursuant to the bimonthly schedule set forth in Paragraph "47" of this Stipulation, after the Applicant's completion of the Settlement Claim Procedure.

53.     Any Settlement Class Member who fails to submit a Claim Form and complete the Settlement Claim Procedure, including completing submitting a release and the City's Substitute W-9 form, by the Bar Date, unless good cause is shown, shall be forever barred from receiving any payments pursuant to this Stipulation of Settlement. Such Settlement Class Member shall in all other respects be bound by all of the terms of this Stipulation of Settlement, and the Judgment entered herein, including but not limited to the release of all Released Persons of all claims as provided herein.

**H.     OPT-OUT PROCEDURES**

54.     A Settlement Class Member who wishes to be excluded from the settlement described herein may opt out.

55.     Any member of the Settlement Class who wishes to be excluded from the Settlement Class must mail or e-mail a written request within the Opt-Out Period to:

Herbert Teitelbaum
Norman Siegel
Siegel Teitelbaum & Evans, LLP
260 Madison Avenue, 22nd Floor
New York, NY 10016
hteitelbaum@stellp.com

Amy J. Weinblatt

-17-

NYC LAW DEPARTMENT
100 Church Street
New York, NY 10007
aweinbla@law.nyc.gov

The request for exclusion need not be in any particular form, but it must include the following information: (1) the Settlement Class member's name, address, and telephone number; (2) a statement that the Settlement Class member wishes to be excluded from the Class; (3) the Settlement Class member's signature; and (4) the following case name and number: *Rothenberg et al. v. Daus, et al.*, 08 Civ. 00567 (SHS).

56.    Any member of the Settlement Class who does not file a timely written request for exclusion shall not be excluded from the Class and shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the release of Released Persons as provided herein.

**I.    OBJECTIONS TO SETTLEMENT**

57.    A Settlement Class Member may object to the fairness, reasonableness, or adequacy of the proposed Settlement in writing or in person at the Fairness Hearing. Settlement Class Members who wish to present objections to the settlement or the Stipulation of Settlement must do so in writing, mailed to Herbert Teitelbaum, Siegel Teitelbaum & Evans, LLP, 260 Madison Avenue, 22nd Floor, New York, NY 10016 or sent by email to hteitelbaum@stellp.com. A written objection must include (1) the Settlement Class Member's name, address, and telephone number; (2) a statement of the objection(s) or reasons for objecting to the Settlement and any supporting evidence; (3) the Settlement Class Member's signature; and (4) the case name and number: *Rothenberg et al. v. Daus, et al.*, 08 Civ. 00567 (SHS). The deadline for objections shall be thirty (30) days before the date of the Fairness Hearing or as otherwise set by the Court. Class Counsel shall file all objections with the Court along with any

-18-

written responses to objections, no later than five (5) business days before the date of the Fairness Hearing.

**J.     Other Provisions**

58.     This Stipulation of Settlement shall not be used by any party in any civil or administrative action or proceeding except in an action to enforce its terms.

59.     This Stipulation, and the settlement it represents, shall not be admissible in any litigation or settlement negotiation, except to implement the terms of paragraph 65 of this Stipulation.

60.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York.

61.     Nothing contained herein shall be deemed to be an admission by the Defendants or any of their officials, employees, agents or representatives that they have in any manner or way violated the rights of any Plaintiff, Settlement Class Member, Applicant, or Putative Class Member, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the State of New York, or the City of New York, and the Defendants specifically disclaim any liability to, or any wrongful, discriminatory, or unlawful acts against, the Plaintiffs or any other person on the part of any of the Defendants notwithstanding the prior orders in this Action. Nothing contained here shall be deemed to be an admission by the Defendants or any of their officials, employees, agents or representatives that they have in any manner or way acted inconsistently with the requirements of state or federal law.

62.     This Stipulation of Settlement does not and shall not be deemed to constitute any admission by the Defendants as to the validity or accuracy of any of the allegations, assertions or claims made by Plaintiffs.

63.     This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the parties, or to vary the terms and conditions contained herein.

64.     Each Applicant, Settlement Class Member, and Named Plaintiff shall be deemed to have submitted to the jurisdiction of the Court.

65.     To the extent that the parties or their counsel cite or reference the Action in support of or in opposition to any class certification motion involving Mr. Ackman, that party or their counsel must annex as an exhibit a copy of this Stipulation of Settlement to the first document filed or submitted in the case that makes such reference, or in the first communication that makes such reference, and such document or communication must reference and include citations to the relevant paragraphs herein. In any such motion for class certification, Mr. Ackman or any attorney or other individual working with him or on his behalf must annex a copy of this stipulation to any papers related to such motion for class certification served on the City or any City agency or their counsel, and must include reference to this paragraph in such motion.

66.     This Court shall retain jurisdiction in connection with the implementation of the terms of this settlement and to adjudicate any disputes that may arise in connection therewith.

67.    Nothing in this Stipulation of Settlement shall create any right on the part of any person who or entity which has not executed this Stipulation to be a third-party beneficiary of this Stipulation, nor create any right on the part of any person or entity which has not executed this Stipulation to invoke the jurisdiction of this Court.

68.    This Stipulation of Settlement may not be amended except by a writing signed by the parties and So Ordered by the Court.

69.    This Stipulation of Settlement may be executed in counterparts.

Dated:    New York, New York
          July 12, 2017

Daniel L. Ackman
Law Office of Daniel L. Ackman
222 Broadway, 19th Floor
New York, NY 10038
(917) 282-8178
d.ackman@comcast.net

Attorney for Named Plaintiffs


Siegel Teitelbaum & Evans, LLP

By_____

Norman Siegel/Herbert Teitelbaum
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 455-0300
hteitelbaum@stellp.com

Class Counsel


ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
Attorney for Defendants
100 Church Street, Room 5-151
New York, N.Y.  10007
(212) 356-2179

By:    _____
       Amy J. Weinblatt/Jerald Horowitz
       Assistant Corporation Counsel


SO ORDERED:


_____
                                    USDJ


-21-

67.     Nothing in this Stipulation of Settlement shall create any right on the part
of any person who or entity which has not executed this Stipulation to be a third-party
beneficiary of this Stipulation, nor create any right on the part of any person or entity which has
not executed this Stipulation to invoke the jurisdiction of this Court.

68.     This Stipulation of Settlement may not be amended except by a writing
signed by the parties and So Ordered by the Court.

69.     This Stipulation of Settlement may be executed in counterparts.

Dated:      New York, New York
            July 12, 2017


_____            ZACHARY W. CARTER
Daniel L. Ackman                            Corporation Counsel of the
Law Office of Daniel L. Ackman                City of New York
222 Broadway, 19th Floor                    Attorney for Defendants
New York, NY 10038                          100 Church Street, Room 5-151
(917) 282-8178                              New York, N.Y. 10007
d.ackman@comcast.net                        (212) 356-2179

                                            By:  _____
Attorney for Named Plaintiffs                    Amy J. Weinblatt/Jerald Horowitz
                                                 Assistant Corporation Counsel



Siegel Teitelbaum & Evans, LLP
By  Norman Siegel
                      7/14/17
Norman Siegel/Herbert Teitelbaum
260 Madison Avenue, 22nd Floor
New York, NY 10016                          SO ORDERED:
(212) 455-0300
hteitelbaum@stellp.com

Class Counsel

                                            _____
                                                                        USDJ

-21-

67.     Nothing in this Stipulation of Settlement shall create any right on the part of any person who or entity which has not executed this Stipulation to be a third-party beneficiary of this Stipulation, nor create any right on the part of any person or entity which has not executed this Stipulation to invoke the jurisdiction of this Court.

68.     This Stipulation of Settlement may not be amended except by a writing signed by the parties and So Ordered by the Court.

69.     This Stipulation of Settlement may be executed in counterparts.

Dated:      New York, New York
            July 12, 2017


ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
Attorney for Defendants
100 Church Street, Room 5-151
New York, N.Y. 10007
(212) 356-2179

_____
Daniel L. Ackman
Law Office of Daniel L. Ackman
222 Broadway, 19th Floor
New York, NY 10038
(917) 282-8178
d.ackman@comcast.net

By:     _____
            Amy J. Weinblatt/Jerald Horowitz
            Assistant Corporation Counsel

Attorney for Named Plaintiffs

Siegel Teitelbaum & Evans, LLP

By _____
                                    7/14/17
Norman Siegel/Herbert Teitelbaum
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 455-0300
hteitelbaum@stellp.com

Class Counsel


SO ORDERED:


_____
                                    USDJ


-21-

67.     Nothing in this Stipulation of Settlement shall create any right on the part of any person who or entity which has not executed this Stipulation to be a third-party beneficiary of this Stipulation, nor create any right on the part of any person or entity which has not executed this Stipulation to invoke the jurisdiction of this Court.

68.     This Stipulation of Settlement may not be amended except by a writing signed by the parties and So Ordered by the Court.

69.     This Stipulation of Settlement may be executed in counterparts.

Dated:          New York, New York
                July 12, 2017

                                                ZACHARY W. CARTER
                                                Corporation Counsel of the
                                                    City of New York
                                                Attorney for Defendants
_____                     100 Church Street, Room 5-151
Daniel L. Ackman                                New York, N.Y. 10007
Law Office of Daniel L. Ackman                  (212) 356-2479
222 Broadway, 19th Floor
New York, NY 10038
(917) 282-8178                                  By: _____
d.ackman@comcast.net                                Amy J. Weinblatt/Jerald Horowitz
                                                    Assistant Corporation Counsel
Attorney for Named Plaintiffs


Siegel Teitelbaum & Evans, LLP

By_____

Norman Siegel/Herbert Teitelbaum
260 Madison Avenue, 22nd Floor
New York, NY 10016                              SO ORDERED:
(212) 455-0300
hteitelbaum@stellp.com

Class Counsel                                   _____
                                                                        USDJ

EXHIBIT A
to Stipulation of Settlement, dated July 12, 2017
in <u>Rothenberg v. Daus</u>, Docket No. 08 Civ. 0567 (S.D.N.Y.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
X----------------------------------------------------------------X

SAUL ROTHENBERG, EBRAHIM ABOOD,
TOBBY KOMBO, KONSTANTINOS          08-CV-00567 (SHS)
KATSIGIANNIS, BOUBACAR DOUMBIA,
ROBERT DYCE and MOUSTACH ALI,
individually and on behalf of all others similarly
situated,
                                        Plaintiffs,

                    -against-

MATTHEW DAUS, DIANE MCGRATH-
MCKECHNIE, JOSEPH ECKSTEIN, ELIZABETH
BONINA, THOMAS COYNE, THE NEW YORK
CITY TAXI AND LIMOUSINE COMMISSION,
AND THE CITY OF NEW YORK,
                                        Defendants.
X----------------------------------------------------------------X

## ORDER GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND APPROVING PROPOSED NOTICE PLAN

The above-entitled matter came before the Court on Plaintiffs' Letter Motion for preliminary approval of a proposed settlement, for approval of a proposed notice plan, and for the scheduling of a fairness hearing (Letter Motion, Dated July 14, 2017, Dkt. No. 27) (the "Plaintiffs' Letter Motion").

### I.    Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiffs' Letter Motion, the Stipulation of Settlement, and the exhibits thereto, the Court grants preliminary approval to the settlement memorialized in the Stipulation of Settlement ("Settlement Agreement").

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate.

3. ~~The Court finds that the Settlement Agreement is the result of extensive arm's length negotiation with the assistance of the Honorable Lewis A. Kaplan of the Southern District of New York.~~

4. Settlement at this stage in the litigation avoids additional expense and delay and ensures a timely and adequate recovery for the Plaintiffs and class members.

1 of 4

## II.    Conditional Class Certification for Settlement Purposes.

5.  For purposes of the settlement of this Action, and only for such purposes, the Court hereby preliminarily certifies the following Settlement Class:

All non-probationary taxi and for-hire vehicle drivers, licensed by the New York City Taxi and Limousine Commission ("TLC") who, during the time period from January 23, 2005 until January 14, 2014, (i) surrendered their license to TLC, or (ii) had their license revoked by TLC after attending a fitness hearing, or (iii) had their license revoked by TLC after failing to attend a fitness hearing, based solely on a conviction for driving while ability impaired ("DWAI") where such conviction was based on an act that did not occur while the driver was on-duty operating a taxicab or for-hire vehicle.

This certification is conditional and for the purposes of consideration and implementation of the proposed Settlement only.

## III.    Class Representative and Class Counsel.

6.  Plaintiff Moustach Ali is preliminarily designated Settlement Class Representative.

7.  The law firm of Siegel Teitelbaum & Evans, LLP is preliminarily designated Class Counsel.

## IV.    Class Notice

8.  Class Counsel has devised a Notice Program intended to provide Settlement Class Members with the best notice practicable under the circumstances, as follows: sending the Notice via first class mail to each potential Settlement Class member; to the extent possible, will cause to be published a summary notice as set forth in Exhibit D of the Settlement Agreement in Taxi Talk, NYC Taxi News, T.L.C. Magazine and Black Car News; and by posting a summary Notice on the TLC's website.

9.  The Court approves both the form and substance of the proposed Class Action Settlement ("Notices"), which are attached as Exhibit C and D to the Settlement Agreement, and directs its distribution to the Settlement Class. The Notice to be given in the form and manner provided in this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the members of the proposed Settlement Class (a) of the pendency of this Action; (b) of their right to opt out of the proposed Settlement; (c) that any judgment, whether favorable or not, will include all members of the Settlement Class who do not request to opt out; and (d) that any member of the Settlement Class who does not opt out may object to the Settlement and, if he or she desires, enter an appearance either personally or through counsel.

10. The Court finds that the Notice is written in plain and simple English, finds such notice to be reasonable and to constitute due, adequate, and sufficient notice to all persons entitled to be provided with such notice, and finds that it meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court for the Southern District of New York.

11. The Notice to the Settlement Class shall be distributed by First Class mail within 45 days of the entry of this Order. Class Counsel shall use best efforts to cause publication of a summary notice as set forth in Exhibit D of the Settlement Agreement in the publications referenced in Section 8 of this Order. TLC shall also publish the summary notice set forth above on its website consistent with the terms of the Settlement Agreement. Class Counsel, or their agent, will make reasonable efforts to locate the current mailing address of any member of the Settlement Class whose Notice is returned as undeliverable to the address on file with TLC. In the event that a class notice is returned as undeliverable, TLC is hereby authorized to provide social security numbers of such Settlement Class Member(s) to Class Counsel or their agent, and Class Counsel or their agent is authorized to obtain social security numbers of such settlement members from TLC subject to a confidentiality agreement, for the sole purpose of determining or verifying addresses for a second mailing. *That the SSAN's may only be used to determine addresses,*

*[handwritten margin note: including efforts of obtaining updated address from change of address]*

12. The content of the Notices complies with due process and Fed. R. Civ. P. 23.

13. The Notices satisfy each of these requirements and adequately put class members on notice of the proposed settlement.

14. The Notices describe the terms of the settlement, inform the class about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing.

## V.    Schedule

15. The Court hereby sets the following schedule for dissemination of Notice and the final approval hearing:

    a. The Notice will be mailed to Class Members within 45 days after this Order;

    b. Class Members will have forty-five (45) days from the date the Notice is sent by mail, or forty-five (45) days before the date of the Fairness Hearing, whichever is later, to opt out of the settlement ("Opt-Out Period");

    c. A Settlement Class Member may object to the fairness, reasonableness, or adequacy of the proposed Settlement in writing or in person at the Fairness Hearing, or both. The deadline for objections shall be thirty (30) days before the date of the Fairness Hearing. Class Counsel shall file all objections with the Court along with any written responses to objections, no later than five (5) business days before the date of the Fairness Hearing.

d. No later than 20 days prior to the Fairness Hearing, Plaintiffs will file a Motion for Final Approval of Settlement;

e. The Court will hold a final Fairness Hearing on _Nov 16_, 2017 at _10_ AM, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom _23A_;

f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the day the Court enters its Final Order and Judgment;

g. If a party appeals the Court's Final Order and Judgment, the "Effective Date" of Settlement shall be the day after all appeals are finally resolved.

It is SO ORDERED this _20_ day of July, 2017.

_____
HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

# Exhibit B

## to Stipulation of Settlement dated July 12, 2017 in
## Rothenberg, et al. v. Daus, et al., Docket No. 08 Civ. 0567 (S.D.N.Y.) (SHS)

**§68-14    Special Procedures – Fitness Revocation Hearings**

(a)    The Chairperson will notify the Licensee to appear as a Respondent for a fitness hearing if the Chairperson believes that a Licensee is not Fit to Hold a License, for the following reasons, based upon:

    (1)    Any act that implicates the Licensee's ability to safely interact with the public or operate a TLC licensed vehicle, including but not limited to:

        (i)    Any act, as prohibited by these Rules, of driving a TLC licensed vehicle while Impaired by intoxicating liquor (regardless of its alcoholic content), or Drugs;

        (ii)    Any act, as prohibited by these Rules, of bribery, fraud, material misrepresentation, theft, threat against a person, harassment, abuse, or use of physical force;

        (iii)    Any act, as prohibited by these Rules, involving the possession of a Weapon in a vehicle licensed under these Rules;

        (iv)    Driver, while driving a Licensed Vehicle, was issued a summons for or charged with one or more traffic related violations or crimes in a Serious Crash, that is, a crash in which any person has suffered Critical Injury or death;

    (2)    Any felony conviction;

    (3)    Any conviction of the following criminal offenses:

        A.    Assault in the third degree, as set forth in [PL] New York State Penal Law § 120.00;

        B.    Reckless endangerment in the second degree, as set forth in [PL] New York State Penal Law §- 120.20;

        C.    Criminal obstruction of breathing, as set forth in New York State Penal Law § 121.11;

        D.    Sexual misconduct, as set forth in [PL] New York State Penal Law § 130.20;

        E.    Forcible touching, as set forth in [PL] New York State Penal Law § 130.52;

        F.    Sexual abuse in the third or second degree, as set forth in [PL] New York State Penal Law § 130.55 and § 130.60, respectively;

G. Promoting prostitution in the third, second, or first degree, as set forth in [PL] New York State Penal Law § 230.25, § 230.30, and § 230.32, respectively;

H. Compelling prostitution, as set forth in [PL] New York State Penal Law § 230.33;

I. Sex trafficking, as set forth in [PL] New York State Penal Law § 230.34;

J. Public lewdness, as set forth in [PL] New York State Penal Law § 245.00;

K. Endangering the welfare of a child, as set forth in [PL] New York State Penal Law § 260.10;

L. Criminal possession of a weapon in the fourth degree, as set forth in [PL] New York State Penal Law § 265.01;

M. Overdriving, torturing, and injuring animals or failing to provide proper sustenance, as set forth in [AGM] New York Agriculture and Markets Law § 353;

N. Leaving the scene of an accident, as set forth in [VAT] New York Vehicle and Traffic Law § 600.2;

O. Driving while ability impaired, as set forth in [VAT] New York Vehicle and Traffic Law § 1192.1;

P. Operation of a motor vehicle while intoxicated, as set forth in [VAT] New York Vehicle and Traffic Law § 1192.2;

Q. Operation of a motor vehicle with an illegal blood-alcohol content, as set forth in [VAT] New York Vehicle and Traffic Law § 1192.3;

R. Driving while ability impaired by drugs, as set forth in [VAT] New York Vehicle and Traffic Law § 1192.4.

(4) A failed drug test as a result of illegal drug use or failure to comply with drug testing procedures.

(b) Prior to the hearing, the Commission must notify the Respondent of the proceeding by serving a written [summons] notice specifying the reason(s) the Respondent is believed to be not Fit to Hold a License and warning the Respondent that a finding [of guilt] that Respondent is not Fit to Hold a License will result in License revocation.

(c) The OATH Tribunal's decision after the hearing will be a Recommended Decision.

(d) The Chairperson can accept, reject, or modify the Recommended Decision in a written decision that includes the reasons therefor. The decision of the Chairperson will constitute the final determination of the Commission.

(e)    <u>In determining whether the Licensee is not Fit to Hold a License, to the extent possible, the Chair shall not revoke the license solely by reason of the licensee having been convicted of one or more criminal offenses, or by reason of a finding of lack of "good moral character," when either such finding is based upon the fact that the individual has been convicted of one or more criminal offenses, unless:</u>

    <u>(1)    There is a direct relationship between one or more of the criminal offenses and the duties of a Licensee licensed by the TLC; or</u>

    <u>(2)    the continuation of licensure would pose an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.</u>

(f)    In determining whether the Licensee is not Fit <u>to Hold a License</u> [is to be deemed unfit], [to the extent possible,] the Chair shall <u>be governed by applicable law,</u> [consider, as guided by the New York State Correction Law §753,] <u>and shall further consider</u> the following factors in his <u>or her</u> Decision:

    (1)    The specific duties and responsibilities necessarily related to licensure as a [driver] <u>Licensee</u> licensed by the TLC.

    (2)    The bearing, if any, the criminal offense or offenses for which the Licensee was [previously] convicted will have on his <u>or her</u> fitness or ability to perform <u>one or more of the</u> [such] duties or responsibilities [as are necessary to safely transport the riding public as a driver] <u>of a Licensee</u> licensed by the TLC.

    (3)    The time [which] <u>that</u> has elapsed since the occurrence of the criminal offense or offenses.

    (4)    The age of the <u>Licensee</u> at the time of occurrence of the criminal offense or offenses.

    (5)    <u>The number of years during which the Licensee has held his or her License and his or her overall record as a Licensee.</u>

    (6)    The seriousness of the offense or offenses.

    (7)    Any information produced by the Licensee, or produced on his behalf, in regard to his <u>or</u> her rehabilitation and good conduct.

    (8)    The legitimate interest of the Commission in protecting [property, and the safety and welfare of specific individuals or the general public] <u>the safety and welfare of specific individuals, the general public, and property.</u>[

    (9)    In making this determination, the Chairperson shall also give consideration to a certificate of relief from disabilities or a certificate of good conduct issued to the Licensee, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein. ]

(g)    The License of a Licensee who is found to be not Fit to Hold a License will be revoked.

**EXHIBIT C**
to Stipulation of Settlement dated July 12, 2017
in <u>Rothenberg v. Daus</u>, Docket No. 08 Civ. 0567 (S.D.N.Y.)

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**
**July ___, 2017**

---

### PLEASE READ THIS ENTIRE NOTICE CAREFULLY

This Notice is to inform you of a proposed Settlement of a putative class action lawsuit against the City of New York ("the City"), acting through the New York City Taxi and Limousine Commission ("TLC"), its officials, and employees.

This lawsuit concerns the constitutionality of procedures and regulations employed by TLC to adjudicate and revoke New York City taxi and for-hire vehicle driver licenses, based on either a positive drug test result or a criminal conviction.

**This is *not* a lawsuit against you. You have *not* been sued.**

**You are being sent this Notice because you may be eligible to receive a payment if the New York Taxi and Limousine Commission ("TLC") revoked your license (or if you surrendered your license) based solely on a conviction for driving while ability impaired. Non-probationary drivers whose licenses were revoked after attending a fitness hearing may receive $34,850 and drivers who surrendered their licenses, or who did not attend a fitness hearing and had their license revoked, may receive $26,130.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- This Notice is being sent to all individuals who, according to TLC records, are or were non-probationary NYC taxi or for-hire vehicle drivers licensed by the TLC, and who surrendered their license to, or had their license revoked (regardless of whether they attended a fitness hearing) by, the TLC anytime between January 23, 2005 and January 14, 2014 based solely on a conviction for driving while ability impaired ("DWAI"), where such conviction was based on an act that did not occur while the driver was on-duty operating a taxicab or for-hire vehicle. Such persons are sometimes referred to in this Notice as "drivers."

- Certain taxi or for-hire drivers whose TLC licenses were revoked based on criminal convictions or positive drug tests (collectively, the "Plaintiffs") filed a lawsuit in federal court in Manhattan against the City of New York ("NYC") as well as individual defendants who were TLC officials (collectively, the "Defendants"), alleging that certain regulations and procedures to revoke their TLC licenses were unconstitutional. The lawsuit was filed as a putative class action in United States District Court for the Southern District of New York, under Federal Rule of Civil Procedure 23.

- All Defendants deny all allegations in the lawsuit and maintain that the regulations and procedures challenged by the Plaintiffs are and were lawful and that they acted at all relevant times in compliance with all legal requirements.

- The parties have concluded that it is in their best interests to resolve and settle the lawsuit by entering into a Settlement Agreement. Accordingly, Defendants have agreed to pay drivers who qualify for a settlement payment.

- Drivers whose licenses were revoked after attending a hearing based on a DWAI conviction may receive $34,850.

- Drivers who agreed to surrender their license based on a DWAI conviction or had their licenses revoked after failing to appear at a scheduled fitness hearing may receive $26,130.

- Each of the Plaintiffs who filed the lawsuit may receive $25,000 and attorneys' fees and litigation costs.

- The amounts stated above will not be reduced based on sums you may owe for public assistance arrearages, unless a judgment was entered against you in a separate lawsuit (referred to in the Stipulation of Settlement as a "plenary action") for such arrearages, and will not be reduced based on sums you may owe for medical services, including Medicaid services, provided a letter of non-assertion is provided. However, child support arrearages that you may owe, and any other outstanding liens or judgments contained in the records of the City of New York, will be deducted.

- Neither Class Counsel nor Defendants make any representations concerning any possible tax consequences of this Settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

- Participation in the Settlement may affect your ability to obtain public assistance.

- Your legal rights may be affected. You have a choice of three options to make now:

| | |
|---|---|
| **PARTICIPATE and receive money from this settlement** | **If you are receiving this Notice, we believe you are eligible to receive money from this Settlement. If you wish to receive a payment as described above, you will need to complete a claim form, a City of New York Substitute Form W-9 and sign a general release after the settlement is approved by the Court after a hearing.** |
| **EXCLUDE YOURSELF and do not receive money from this settlement** | Get no payment. If you wish to opt-out of this Settlement, you must submit a written statement of your intention to exclude yourself from the Settlement. We recommend that you consult an attorney promptly before doing so. If you exclude yourself from the Settlement, you are not permitted to object to it. Opting Out allows you to bring your own lawsuit or to be part of any other lawsuit against Defendants for alleged violations of law concerning the revocation or surrender of your TLC license between January 23, 2005 and January 14, 2014, provided that your claim is not barred by the statute of limitations or any other requirements. *If you exclude yourself from the Settlement, you will not be entitled to receive any payment from the Settlement.* |

2

| OBJECT and the terms of settlement may be modified | Write to the Court about why you do not like the Settlement, or appear in Court and state your objections at the Fairness hearing. If you exclude yourself from the Settlement, you are not permitted to object. |
|---|---|

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Judge in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. The Settlement will take time; please be patient.

## BASIC INFORMATION

TLC's records state that your TLC license was revoked between January 23, 2005 and January 14, 2014, whether after a hearing or after a surrender, solely on the basis of a DWAI conviction. The Court ordered that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement, and after any objections and appeals are heard, payments will be mailed to Class Members who do not choose to exclude themselves and who also complete the claims procedures.

This Notice explains the lawsuit, the Settlement, your legal rights, and what benefits are available. The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Rothenberg, et al. v. Daus, et al.*, 08 Civ. 00567. The people who are asserting claims in the lawsuit are called the "Plaintiffs." They are Saul Rothenberg, Ebrahim Abood, Tobby Kombo, Konstantinos Katsigiannis, Boubacar Doumbia, Robert Dyce and Moustach Ali. The City of New York and five individuals, Mathew Daus, Diane McGrath-McKechnie, Joseph Eckstein, Elizabeth Bonina and Thomas Coyne, each a former official or employee of the TLC, are called the "Defendants."

This lawsuit is about whether the TLC regulations and procedures that were applied to you that resulted in the revocation (whether or not you attended a hearing) or the surrender of your TLC license violated your rights under the Constitution of the United States.

In a class action, one or more people called "Class Representatives" sue on behalf of a group of people who have potentially similar claims. The people together are a potential "Class" or potential "Class Members." In the event a class is certified, one judge resolves the issues for everyone in the Class— except for those who choose to exclude themselves from the Class.

Each side believes they would have eventually prevailed in the case. Instead of continuing the litigation, however, both sides agreed to a Settlement. That way, they avoid the cost and delays of a trial. The

3

designated Class Representative Moustach Ali and the designated Class Counsel believe the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

You are a member of the Settlement Class if your non-probationary TLC license was revoked (regardless of whether you attended a fitness hearing) or you surrendered your license during the period from January 23, 2005 until January 14, 2014, on the sole basis of a DWAI conviction, where such conviction was based on an act that did not occur while the driver was on-duty operating a taxicab or for-hire vehicle. Your receipt of this notice indicates you are likely in the Settlement Class and thus part of the Settlement.

If you are still not sure whether you are included, you can ask for free help. You can contact Class Counsel at the contact information provided in Paragraph 16 and 21, below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

The financial terms of the Settlement provide that if, during the period from January 23, 2005 until January 14, 2014, (i) your TLC license was revoked solely because you were convicted of DWAI, and (ii) you do not exclude yourself from the Settlement and (iii) you properly complete and submit the required paperwork, you may receive $34,850.

If, during the period from January 23, 2005 until January 14, 2014, (i) you surrendered your TLC license or did not attend your TLC fitness hearing and your license was revoked, and (ii) you do not exclude yourself from the Settlement, and (iii) you properly complete and submit the required paperwork, you may receive $26,130.

These amounts may be subject to certain deductions as described above.

## HOW YOU GET A PAYMENT

You do not need to do anything now to receive the payment. However, after the settlement is approved, you will have to complete and submit a claim form, a City of New York Substitute W-9 form and a general release in order to receive a payment. If you choose to exclude yourself, then you will not receive a payment.

Payment will take a while. The judge in the case will hold a hearing on _____, 2017, at _____ am/pm in Courtroom ____ at the U.S. District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007 to determine whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain how appeals will be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

By remaining in the Settlement Class you will be deemed to have agreed to give up all claims you may have against any of the Defendants that are based on any claimed violations of federal, state, or local laws pertaining to the revocation or surrender of your TLC license, including without limitation, all claims that were asserted or could have been asserted in this lawsuit. That means you will not be able to sue any of the Defendants about the legal issues in this case or about any other claims you may have or issues related to the revocation or surrender of your TLC license. Unless you exclude yourself (or "opt out,"), as explained in Paragraph 12 below, you will remain in the Settlement Class. If you do not timely and validly "opt-out" of the Settlement, and the Settlement receives final Court approval, you will be bound by the Settlement and will not be able to sue upon any claims and will release all claims, known or unknown, against Defendants and their subsidiaries, officers, employees, and agents based upon, arising out of, or in any way relating or pertaining to the TLC license revocation or surrender based on your DWAI conviction.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue (or continue to sue) Defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the Settlement Class.

To exclude yourself from the Settlement, you must request in writing to be excluded from the Settlement Class. To request exclusion from the Class, you must mail a written request postmarked no later than _____, or send an email, no later than _____, to Class Counsel and Counsel for Defendants as follows: :

HERBERT TEITELBAUM
NORMAN SIEGEL
SIEGEL TEITELBAUM & EVANS, LLP
Attorneys for Class
260 Madison Avenue, 22nd Fl.
New York, NY 10016
HTeitelbaum@stellp.com

AMY J. WEINBLATT
NEW YORK CITY LAW DEPARTMENT
Attorneys for Defendants
100 Church Street
New York, NY 10007
aweinbla@law.nyc.gov

Your request for exclusion from the Settlement Class need not be in any particular form, but it must include the following information: (1) name, address, and telephone number; (2) a statement that you wish to be excluded from the Class; (3) your signature acknowledged by a notary public; and (4) the following case name and number: *Rothenberg et al. v. Daus, et al.*, 08 Civ. 00567 (SHS).

**Please write the words "EXCLUSION REQUEST" in the subject line of your email if requesting exclusion by email, or on the letter and on the lower left-hand corner of the front of the envelope if requesting exclusion by postal mail.**

If you submit an exclusion request and satisfy the requirements for opting out, you will not receive any settlement payment. You also will not be bound by any terms of the Settlement, including the release of claims against the Defendants.

No. If you remain a member of the Settlement Class, you will be giving up any rights to sue the City of New York or any of the other Defendants for any claims related to or arising out of the revocation or surrender of your TLC license. **If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately to see if this Settlement will affect your other case.** Remember, the exclusion deadline is _____, 2017.

No. If you exclude yourself, you will not receive any money from this lawsuit.

## THE LAWYERS REPRESENTING YOU

The Court has appointed the lawyers at the law firm of Siegel Teitelbaum & Evans, LLP to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged any fee for these lawyers. You do not need to retain your own attorney in order to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

Defendants are represented by the New York City Law Department.

Class Counsel will ask the Court to approve a payment for attorneys' fees and costs in the amount of $55,000 plus additional fees and costs for services performed from November 21, 2016 to the completion of the settlement. These fees would compensate Class Counsel for litigating the case and negotiating and carrying out the Settlement. Daniel Ackman, Esq. will ask the Court to approve payment for attorneys' fees in the amount of $745,000 plus costs in the amount of $19,349.00 as compensation for litigating this case from its inception. The fees and costs are subject to court approval.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the entire Settlement or some part of it.

If you are participating in the proposed Settlement, you may object to the fairness, reasonableness, or adequacy of the proposed Settlement in writing or in person at the Fairness Hearing, or both. Any

objection in writing must be sent before _____. **You must remain a member of the Settlement Class (i.e., not Opt-Out) in order to object to any aspect of the proposed Settlement.** Written objections must be mailed or emailed to the following:

HERBERT TEITELBAUM
NORMAN SIEGEL
SIEGEL TEITELBAUM & EVANS, LLP
Attorneys for Class
260 Madison Avenue, 22nd Fl.
New York, NY 10016
HTeitelbaum@stellp.com


and

AMY J. WEINBLATT
NEW YORK CITY LAW DEPARTMENT
Attorneys for Defendants
100 Church Street
New York, NY 10007
aweinbla@law.nyc.gov


Your written objection must include (1) your name, address, and telephone number; (2) a statement of your objection(s) or reasons you object to the Settlement and any supporting evidence that you wish to be considered; (3) your signature; and (4) the case name and number: *Rothenberg et al. v. Daus, et al.*, 08 Civ. 00567 (SHS). You do not have to appear at the final approval hearing, referenced below, in order for your objections to be heard by the Court. If you wish to make objections in Court, you may appear and do so whether or not you have submitted a written objection.

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. If you object, the Court will consider your objection, which may or may not affect the terms of the final settlement. Excluding yourself is telling the Court that you do not want to be part of the Class.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, or you may have a lawyer attend and speak for you, but you do not have to attend and if you attend, you do not have to speak. If you do not attend the Fairness Hearing, your rights to payment will not be affected.

The Court will hold a Fairness Hearing on _____ 2017 at am/pm in Courtroom ___ at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

7

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also decide how much to pay Class Counsel; Counsel for Named Plaintiffs, Mr. Ackman; and the individual Plaintiffs. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you may but you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it in your absence. You may also pay your own lawyer to attend, but it is not necessary.

You may speak at the Fairness Hearing as long as you did not exclude yourself from the settlement.

## GETTING MORE INFORMATION

This Notice summarizes the proposed Settlement. More details are in a Stipulation of Settlement. You can get a copy of the Stipulation of Settlement and more information by sending a request in writing, mail or email to Class Counsel as set forth above or by calling Class Counsel at the number below:

212-455-0300

**DO NOT CONTACT THE COURT
FOR MORE INFORMATION ABOUT THE SETTLEMENT**

**EXHIBIT D**

**Notice by Publication in the Stipulation of Settlement dated July 12, 2017
in *Rothenberg et al. v. Daus et al.*, No. 08-CV-00567 (SHS)**

### NOTICE OF CLASS ACTION SETTLEMENT

**TO: NEW YORK CITY NON-PROBATIONARY TAXI OR FOR-HIRE
VEHICLE DRIVERS WHO HAD THEIR LICENSES REVOKED OR WHO
SURRENDERED THEIR LICENSE BETWEEN JANUARY 23, 2005 UNTIL
JANUARY 14, 2014 BECAUSE OF A DRIVING WHILE ABILITY IMPAIRED
("DWAI") CONVICTION WHERE SUCH CONVICTION WAS BASED ON AN
ACT THAT DID NOT OCCUR WHILE THE DRIVER WAS ON-DUTY
OPERATING A TAXICAB OR FOR-HIRE VEHICLE.**

This Notice contains important information that may pertain to you. Please read it
carefully. Under the Settlement Agreement in *Rothenberg et al. v. Daus et al.*, No. 08-
CV-00567 (SHS), certain non-probationary taxi and for-hire vehicle drivers, licensed by
the New York City Taxi and Limousine Commission ("TLC") who, during the time
period from January 23, 2005 until January 14, 2014, (i) surrendered their license to TLC,
or (ii) had their license revoked by TLC after attending a fitness hearing, or (iii) had their
license revoked by TLC after failing to attend a fitness hearing, based solely on a
conviction for driving while ability impaired ("DWAI") where such conviction was based
on an act that did not occur while the driver was on-duty operating a taxicab or for-hire
vehicle, may be entitled to a payment.

On January 23, 2008 and September 23, 2009, Plaintiffs Saul Rothenberg, Ebrahim
Abood, Tobby Kombo, Konstantinos Katsigiannis, Boubacar Doumbia, Robert Dyce and
Moustach Ali ("Named Plaintiffs") filed a putative class action complaint or amended
complaint, as the case may be, in which they challenged the constitutionality of certain
procedures employed by the TLC to adjudicate the fitness of TLC licensees in response
to either a criminal conviction or a positive result on a drug test.

After lengthy settlement negotiations, on July __, 2017, the Named Plaintiffs and
Defendants entered into a Stipulation of Settlement (the "Settlement Agreement" or
"Settlement"). This Settlement may provide for payments of $34,840 to individuals
whose licenses were revoked after a hearing and for payments of $26,130 to individuals
whose licenses were revoked after failing to appear at a hearing or whose licenses were
surrendered prior to the hearing. Such amounts may be reduced under certain
circumstances set forth in the Stipulation of Settlement. The Settlement Agreement also
provides that the TLC will use its best efforts to achieve certain changes in the TLC
revocation rules. The Settlement also provides for a release of all claims by anyone who
is a member of the Settlement Class who does not opt out of the Settlement.

To opt-out or exclude yourself from the Settlement, you must mail a written request
postmarked no later than _____, or send an email, no later than
_____, to Class Counsel.

On July __, 2017, the Hon. Sidney H. Stein, United States District Court Judge of the Southern District of New York granted Preliminary Approval of the Settlement and scheduled a Fairness Hearing on _____ day of _____, 2017 at __ AM. The Fairness Hearing will take place in Courtroom 23A at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312.

A Settlement Class Member may object to the fairness, reasonableness, or adequacy of the proposed Settlement in writing or in person at the Fairness Hearing, or both. Written objections to the proposed settlement must be mailed or emailed no later than thirty (30) days before the date of the Fairness Hearing, and requests to opt-out of the settlement must be mailed or emailed no later than forty-five (45) days before the Fairness Hearing, to

HERBERT TEITELBAUM
NORMAN SIEGEL
SIEGEL TEITELBAUM & EVANS, LLP
Attorneys for Class
260 Madison Avenue, 22nd Fl.
New York, NY 10016
HTeitelbaum@stellp.com

A detailed Notice of Class Action Settlement explaining the Settlement will be mailed to Settlement Class Members' last known address. If you do not receive a mailed Notice of Settlement and want to determine if you are in the Settlement Class or wish to learn more about the Settlement, contact Class Counsel at 212-455-0300.

2

EXHIBIT E

to Stipulation of Settlement dated July 12, 2017

in <u>Rothenberg, et al. v. Daus, et al.</u>, Docket No. 08 Civ. 0567 (S.D.N.Y.) (SHS)

## CLASS ACTION SETTLEMENT CLAIM FORM

In order to participate in the settlement and receive payment as described more fully in the Notice(s) sent to you and the Stipulation of Settlement, you must provide ALL of the information requested below, and return it together with City of New York Substitute Form W-9 and the completed Release form enclosed, to the address below.

First Name _____

Last Name _____

Social Security No. _____

Home Address _____

_____

Current Telephone Number (if any) _____

TLC License Number (if known) _____

Return this completed form, the City of New York Substitute Form W-9, and the Release form in the enclosed envelope to:

HERBERT TEITELBAUM
SIEGEL TEITELBAUM & EVANS, LLP
Attorneys for Class
260 Madison Avenue, 22nd Fl.
New York, NY 10016

Any questions can be directed to:

HERBERT TEITELBAUM
NORMAN SIEGEL
SIEGEL TEITELBAUM & EVANS, LLP
Attorneys for Class
HTeitelbaum@stellp.com
212-455-0300

ATTACHMENT A to Separation of Settlement dated July 12, 2017 in Rothenberg, et al. v. Daus, et al., Docket No. 08 Civ. 0567 (S.D.N.Y.) (SHS)

| DO NOT SUBMIT TO THE IRS - SUBMIT FORM TO THE NEW YORK CITY AGENCY 10/14 REVISION | THE CITY OF NEW YORK SUBSTITUTE FORM W-9: REQUEST FOR TAXPAYER IDENTIFICATION NUMBER & CERTIFICATION | FMS |
|---|---|---|

*TYPE OR PRINT INFORMATION NEATLY. PLEASE REFER TO INSTRUCTIONS FOR MORE INFORMATION.*

### Part I: Vendor Information

**1. Legal Business Name:** (As it appears on IRS EIN records, IRS Letter CP575, IRS Letter 147C -or- Social Security Administration Records, Social Security Card)

**2. If you use DBA, please list below:**

**3. Entity Type (Check one only):**

- ☐ Non-Profit Corporation
- ☐ Corporation/ LLC
- ☐ Government
- ☐ City of New York Employee
- ☐ Individual/ Sole Proprietor
- ☐ Trust
- ☐ Church or Church-Controlled Organization
- ☐ Personal Service Corporation
- ☐ Joint Venture
- ☐ Partnership/ LLC
- ☐ Single Member LLC (Individual)
- ☐ Resident/Non-Resident Alien
- ☐ Non-United States Business Entity
- ☐ Estate

### Part II: Taxpayer Identification Number & Taxpayer Identification Type

**1. Enter your TIN here:** *(DO NOT USE DASHES)*

**2. Taxpayer Identification Type (check appropriate box):**

- ☐ Employer ID Number (EIN)
- ☐ Social Security Number (SSN)
- ☐ Individual Taxpayer ID Number (ITIN)
- ☐ N/A (Non-United States Business Entity)

### Part III: Vendor Addresses

| | Number, Street, and Apartment or Suite Number | City, State, and Nine Digit Zip Code or Country |
|---|---|---|
| **1. 1099 Address:** | | |
| **2. Account Administrator Address:** | | |
| **3. Billing, Ordering & Payment Address:** | | |

### Part IV: Exemption from Backup Withholding and FATCA Reporting (See Instructions)

Exemption Code for Backup Withholding _____     Exemption Code for FATCA Reporting _____

### Part V: Certification

Under penalties of perjury, I certify that:
1. The number shown on this form is my correct Taxpayer Identification Number, and
2. I am not subject to Backup Withholding because: (a) I am exempt from Backup Withholding, or (b) I have not been notified by the IRS that I am subject to Backup Withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to Backup Withholding, and
3. I am a US citizen or other US person, and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

**Sign Here:**

| _____ | _____ | _____ |
|---|---|---|
| Signature | Phone Number | Date |
| _____ | _____ | _____ |
| Print Preparer's Name | Phone Number | Contact's E-Mail Address: |

*FOR SUBMITTING AGENCY USE ONLY*

Submitting Agency Code: _____     Contact Person: _____

Contact's E-Mail Address: _____     Telephone Number: ( )

Payee/Vendor Code: _____

*DO NOT FORWARD W-9 TO COMPTROLLER'S OFFICE. AGENCIES MUST ATTACH COMPLETED W-9 FORMS TO THEIR FMS DOCUMENTS.*

## The City of New York
## Substitute Form W-9 Instructions

The City of New York, like all organizations that file an information return with the IRS, must obtain your correct Taxpayer Identification Number (TIN) to report income paid to you or your organization. The City uses Substitute Form W-9 to obtain certification of your TIN in order to ensure accuracy of information contained in its payee/vendor database and to avoid Backup Withholding as mandated by the IRS.* We ask for the information on the Substitute Form W-9 to carry out the Internal Revenue laws of the United States (Rev. Proc. 84-65 §11.01). You are required to give us the information.

Any vendor or other payee who wishes to do business with the City of New York must complete the Substitute Form W-9.

### Part I: Vendor Information
1. **Legal Business Name:** An organization should enter the name in IRS records, IRS Letter CP575 or IRS Letter 147C. For individuals, enter the name of the person who will do business with the City of New York as it appears on the Social Security card, or other required Federal tax documents. *Do not abbreviate names.*
2. **DBA (Doing Business As):** Enter your DBA in designated line, if applicable.
3. **Entity Type:** Mark the Entity Type of the individual or organization that will do business with the City of New York.

### Part II: Taxpayer Identification Number and Taxpayer Identification Type
1. **Taxpayer Identification Number:** Enter your nine-digit TIN. See the table and Special Note below for instructions on the type of taxpayer number you should report.
2. **Taxpayer Identification Type:** Mark the appropriate option.
   The following table gives the Taxpayer Identification Type that is appropriate for each Entity Type.

| Entity Type | Taxpayer Identification Type |
|---|---|
| Church or Church-Controlled Organization | |
| Personal Service Corporation | |
| Non-Profit Corporation | |
| Corporation / LLC | |
| Government | |
| Individual/Sole Proprietor *who has employees other than him or herself* | Employer Identification Number |
| Trust | |
| Joint Venture | |
| Partnership / LLC | |
| Single Member LLC *who has employees other than him or herself* | |
| Estate | |
| City of New York Employee | |
| Individual/Sole Proprietor *who does not have employees other than him or herself* | Social Security Number |
| Single Member LLC *who does not have employees other than him or herself* | |
| Resident Alien/Non-Resident | Individual Tax Identification Number |
| Non-United States Business Entity | N/A |
| Custodian account of a minor | The minor's Social Security Number |

### Part III: Vendor Addresses
1. List the locations for tax reporting purposes, administrative and where payments should be delivered.

### Part IV: Backup Withholding and FATCA Exemptions
If you are exempt from Backup Withholding and/or FATCA reporting, enter in the Exemptions box, any code(s) that may apply to you.

**Backup Withholding Exemption Codes:** Generally, Individuals (including Sole Proprietors) are not exempt from Backup Withholding. Additionally, Corporations are not exempt from Backup Withholding when supplying legal or medical services. *If you do not fall under the categories below, leave this field blank.*

The following codes identify payees that are exempt from Backup Withholding:
1: An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)
2: The United States or any of its agencies or instrumentalities

---

\* Backup Withholding – According to IRS Regulations, ACS must withhold 28% of all payments if a vendor or payee fails to provide ACS its certified TIN. The Substitute Form W-9 certifies a vendor/payee's TIN.

## The City of New York
## Substitute Form W-9 Instructions

**3:** A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities

**4:** A foreign government or any of its political subdivisions, agencies, or instrumentalities

**5:** A corporation

**6:** A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States

**7:** A futures commission merchant registered with the Commodity Futures Trading Commission

**8:** A real estate investment trust

**9:** An entity registered at all times during the tax year under the Investment Company Act of 1940

**10:** A common trust fund operated by a bank under section 584(a)

**11:** A financial institution

**12:** A middleman known in the investment community as a nominee or custodian

**13:** A trust exempt from tax under section 664 or described in section 4947

**FATCA Exemption Codes:** The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. *If you are only submitting this form for an account you hold in the United States, leave this field blank.*

The following codes identify payees that are exempt from FATCA Reporting:

**A:** An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37)

**B:** The United States or any of its agencies or instrumentalities

**C:** A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities

**D:** A corporation the stock of which is regularly traded on one or more established securities markets, as described in Reg. section 1.1472-1(c)(1)(i)

**E:** A corporation that is a member of the same expanded affiliated group as a corporation described in Reg. section 1.1472-1(c)(1)(i)

**F:** A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state

**G:** A real estate investment trust

**H:** A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940

**I:** A common trust fund as defined in section 584(a)

**J:** A bank as defined in section 581

**K:** A broker

**L:** A trust exempt from tax under section 664 or described in section 4947(a)(1)

**M:** A tax exempt trust under a section 403(b) plan or section 457(g) plan

### *Part V: Certification*
Please sign and date form in appropriate space. Provide preparer's name, telephone number, and e-mail address. Preparer should be employed by organization.

---

\* Backup Withholding - According to IRS Regulations, ACS must withhold 28% of all payments if a vendor or payee fails to provide ACS its certified TIN. The Substitute Form W-9 certifies a vendor/payee's TIN.

EXHIBIT G
to the Stipulation of Settlement dated July 12, 2017
in Rothenberg. v. Daus, Docket No. 08 Civ. 0567 (S.D.N.Y.)

## RELEASE

KNOW THAT, I _____ (Name), in consideration

of the payment of _____ ($_____ ) by the

City of New York, do hereby release and discharge all of the current and former defendants in the action

Rothenberg, et al. v. Daus, et al., 2008 Civ. 0567 (SHS), commenced in the United States District Court

for Southern District of New York ("the Action"), to wit: Matthew Daus, Diane McGrath-McKechnie,

Joseph Eckstein, Elizabeth Bonina, Thomas Coyne, the New York City Taxi and Limousine Commission,

and the City of New York, their predecessors, successors, or assigns, and all past, present and future

officials, employees, representatives and agents of the New York City Taxi and Limousine Commission

and any other agency of the City of New York (collectively "the Released Persons"), from any and all

claims or causes of action for damages, or for other legal, equitable or administrative relief, and any and

all rights that I may have, or may have had, to pursue such claims or causes of action before any court,

administrative agency or other tribunal, with regard to acts of commission or omission by the Released

Persons that were alleged, or that could have been alleged by reason of, arising out of, or in connection

with, any matter or fact set forth or referred to in the Complaint and/or in the Amended Complaint in the

Action, including all related claims for attorney's fees and costs, except reasonable attorneys' fees for

legal services of Class Counsel for the period after November 21, 2016.

(continued on p.2)

Submitting this Release also indicates to the best of my recollection and belief that I was not on duty, operating or driving a taxicab or for-hire vehicle at the time of the act that resulted in my DWAI conviction or guilty plea.

This Release may not be changed orally.

Name: _____

IN WITNESS WHEREOF, I have executed this Release this _____ day of

_____, 2017.

_____
Signature of Releasor

STATE OF _____, COUNTY OF _____ SS.:

On the _____ day of _____, 2017, before me, the undersigned personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed and who executed the foregoing RELEASE and duly acknowledged to me that (s)he executed the same.

_____
Notary Public